14571

BAILEY v. MEDLOCK *ET AL.*

(193 S. E., 926)

116

*Mr. Randolph Murdaugh,* for appellant, P. D. Peeples.

*Mr. George Warren,* for respondent.

November 24, 1937.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

This appeal is from an order of the late lamented Judge Shipp, who held that the tax deed made and delivered by the sheriff of Hampton County to the defendant, Peeples, was null and void. The correctness, of the reasons given for such holding, is challenged by that defendant, the appellant here.

We think the Circuit Judge was right, and we approve and adopt his order. In 1912, the Legislature passed an Act (Act Feb. 17, 1912, 27 Stat. at Large, 699), requiring notice to be given any mortgagee of record in case of sale of real estate for taxes. This statute was not amendatory of Section 471 of the Civil Code of 1912 or of any Act, but was a separate piece of legislation. It was, however, later incorporated in Section 522 of the Civil Code of 1922 as a proviso thereof. The Legislature passed an Act in 1922 (32 Stat. at Large, 919), approved March 3d of that year, amending Section 471 of the Civil Code of 1912 by enlarging the time of redemption and providing who might redeem. The appellant contends that this Act repealed the proviso for notice contained in Section 522 of the Civil Code of 1922. We do not think so. No such intention was expressed in its title. Furthermore, there was no inconsistency between the proviso and the Act referred to. We are of the opinion that the Circuit Judge properly held that both were of force and effect at the time of the sale of the property in question and of the making and delivery of the tax deed by the sheriff. As to the contention of the appellant that, in any event, the requirements of the proviso were complied with by the sheriff, we think the conclusion is inescapable, upon proper analysis of the language used, that such notice was required to be given the mortgagee in writing, which it is conceded was not done.

The order appealed from, which will be reported, is affirmed.

MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.