15200

OSBORNE *ET AL.* v. VALLENTINE

(12 S. E. (2d), 856)

*Messrs.* *Zeigler & Brailsford,* for appellant,

*Messrs.* *Crum & Crum,* for respondents,

January 13, 1941.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE BAKER.

Action by respondents for the purpose of recovering possession of certain real estate in Orangeburg County, and for the purpose of cancelling a tax deed thereto held by the appellant.

For several years prior to February 19, 1935, the land in question was owned by Mrs. Nell Pate. It was listed on the tax books in her name through the year 1935; and taxes assessed against her for the years 1932, 1933, 1934 and 1935 were not paid. Mrs. Pate died on February 19, 1935, leaving a will wherein she devised to the respondents the premises involved which will was duly admitted to probate. The land was sold for taxes by the collector of delinquent taxes for Orangeburg County, on December 2, 1935, under executions issued by the county treasurer of said county for the years 1932 through 1934; and was bid in by the For-

feited Land Commission for said county. On December 4, 1936, a deed from the collector of delinquent taxes to appellant, conveying the property, was executed and delivered and appellant went into possession thereof.

The deed to appellant recites that "by virtue of said warrant or execution, C. H. Williams, collector of delinquent taxes of the county and State aforesaid, did, on the 12th day of November, 1935, seize and take possession of the real property of Mrs. Nell Pate." The deed also recites that the property was sold under tax executions for the year commencing January 1, 1932, and "through the year 1936," but upon oral argument this was stated to be an error and that it was through the year 1934."

The appeal raises the question: Is it essential to the validity of a tax sale, not only that the property must be assessed in the name of the true owner, but also that the levy must be made in the name of the true owner, the property must be advertised for sale in the name of the true owner, and it must be sold in the name of the true owner? The question if the tax execution must be issued in the name of the true owner is not before the Court.

The property was assessed in the name of the testatrix, the execution was issued and the levy made in the name of the testatrix, and the notice of sale and the sale itself were in the name of the testatrix. The trial Judge directed a verdict for the respondents on the ground that the assessment, levy, advertisement and sale must be in the name of the true owners, who in this case, at the time of the sale, were the devisees.

The first question for consideration is whether or not the assessment must be made in the name of the true owner; and if so, was it so made? Section 2605 of the 1932 Code provides: " *   *   *   That all lands shall be listed and assessed as the property of the person or persons having the legal title to, and the right of possession of, the land at the time of listing and assessment,   *   *   *."

The assessment was made in the name of the true owner for 1932, 1933 and 1934, and if 1935 were properly under consideration, it would seem that the assessment in the testatrix's name was proper for that year since the testatrix was the owner of the land on January 1. Section 2569 of the 1932 Code provides that taxes shall be "a debt payable to the State by a party against whom the same shall be charged; and such taxes * * * shall be a first lien * * * upon the property taxed; the lien to attach at the beginning of the fiscal year during which the tax is levied." No South Carolina case has been found in which, as here, death occurred subsequent to the time the property was liable for assessment (January 1) but before the assessment was actually made. An annotation in 119 A. L. R., 388, states: "* * * it should be noted that where property was liable to assessment prior to the death of the owner but the assessment was not actually made until after the death of the owner it has been held that such assessment might properly be made in the name of the decedent."

■ No statutory authority for the change of an existing assessment on the death of the taxpayer has been found. The inference from Sections 2712, 2718 and 2727 of the 1932 Code is that it is the auditor's duty to make appropriate changes when he prepares the next annual county duplicates.

■ Must the levy be made in the name of the true owner; and if so, was it so made? In *Vallentine v. Robinson,* 188 S. C., 194, 198 S. E., 197, it is stated: "The statute is explicit that lands shall be listed and assessed and levied on and sold in the name of the true owner. * * *"

At the time of the levy the owners of the property were the devisees, but the levy was made in the name of the deceased testatrix.

■ Must the advertisement and sale be made in the name of the owner; and if so, was it so made? Chapter 179 of the 1932 Code covers "Executions and Ju-

dicial Sales." That this chapter covers tax executions and tax sales seems clear. Sections 9074 and 9079 (1) therein expressly refer to tax executions and sales. Section 9070 instructs the sheriff as to lands which "he may be directed to sell by virtue of any execution." Section 9071 of this chapter is pertinent to the present case, it being therein provided that the sheriff shall "specify in the advertisement the property to be sold, the time and place of sale, the name of the owner of the property, and the party at whose suit the sale is to be made," etc. At the time of the advertisement, the owners of the property were the devisees, but th advertisement named the testatrix as the owner.

From the foregoing it will appear that the levy, advertisement, and sale should have been made in the names of the devisees, the owners at the time thereof.

There is abundant reason to support the above holding. It is a well-established principle that due process of law requires some sort of notice to a landowner before he is deprived of his property. It is an anomalous situation that the statutes of this state require actual notice to a mortgagee of land about to be sold for taxes, and make no such requirement for actual notice to the owner. It would appear that the constructive notice provided by the levy, advertisement and sale in the owner's name, is deemed sufficient. Such notice to the owners, as required by the tax sale statutes, being constructive rather than actual, the Court requires strict compliance therewith. In *Dickson v. Burckmyer,* 67 S. C., 526, 533, 46 S. E., 343, 345, the Court states : " * * * The sound view is that all requirements of the law leading up to tax sales which are intended for the protection of the taxpayer against surprise or the sacrifice of his property are to be regarded mandatory, and are to be strictly enforced. * * * "

In *Marx v. Hanthorn,* 148 U. S., 172, 13 S. Ct., 508, 510, 37 L. Ed., 410, it is stated : "As there must be express statutory authority for selling lands for taxes, and as such sale is in the nature of an *ex parte* proceeding, there must

be, in order to make out a valid title, a substantial compliance with the provisions of the law authorizing the sale. A statutory power, to be validly executed, must be executed according to the statutory directions. * * *"

The statutes contemplate some sort of notice to the owner. Section 9071 states that the advertisement shall contain the name of the owner, and Section 2855 requires that in levying on the land the sheriff shall "seize and take exclusive possession" of the defaulting taxpayer's estate. In *Glymph v. Smith,* 180 S. C., 382, 388, 185 S. E., 911, 105 A. L. R., 631, the Court, in construing Section 2855, stated: " * * * It is sufficient for the sheriff or his·regularly appointed deputy to enter upon such real estate, armed with the tax execution, exhibit it, and notify the owner that under the authority of the execution he has seized and taken possession of the land in his official capacity. This step constitutes the levy, and gives to the sheriff that lawful possession contemplated by the statute. * * * "

In *Dickson v. Burckmyer, supra,* at pages 538, 539 of the S. C. Reports, at page 347 of 46 S. E., the Court said: " * * * The general rule is that actual seizure of possession by the officer is not necessary to a levy where the debt which is the basis of the execution is a lien on the property. * * * In this state the entry of the levy on an execution issued on a judgment has been held sufficient on the ground that no statute requires actual entry and possession of the land. * * * A tax execution stands upon an entirely different footing, because the statute explicitly requires the sheriff to 'seize and take exclusive possession' under such an execution. * * * The requirement is one which greatly concerns the defaulting owner of the land, for the seizure and taking possession by the sheriff is a notorious act, which tends to give the defaulter and the community notice of the intended sale, and thus prevent a sacrifice of the property. * * * "

The statutory requirements as to levy and advertisement were not complied with here, and no notice of the tax sale,

actual or constructive, was given to the devisees. The advertisement of sale was not in their names as owners, and in the levy by the sheriff it is assumed that they were not notified, since the execution was not in their names and since the land was unoccupied at the time of the seizure. Section 2859 of the 1932 Code provides: "In all cases of sale the sheriff's deed of conveyance, * * * shall be held and taken as *prima facie* evidence of a good title in the holder, and that all proceedings have been regular, and all requirements of the law have been duly complied with. * * *"

In *Wilson v. Cantrell*, 40 S. C., 114, 18 S. E., 517, 525, the Court had under consideration a tax deed. The plaintiff was the purchaser at the tax sale. The Court stated: " * * * the sheriff's deed is only *prima facie* evidence of the regularity of the tax proceedings prior to its execution, and may be attacked. But, while this is so, the burden is upon the defendant to prove that one or more of the essential requirements of the law have not been complied with, and that the tax proceedings have not been regular, which the defendant in this case has failed to do."

In the present case the burden was on the respondents (plaintiffs) to prove that one or more of the essential requirements had not been complied with; and they have proved that the levy, advertisement and sale were not in the names of the owners.

Affirmed.

Mr. Chief Justice Bonham, Mr. Justice Fishburne and Mr. Acting Associate Justice L. D. Lide concur.

Mr. Justice Stukes did not participate in the consideration or decision of this case.