20481

Govie ALDRIDGE, Alice P. Aldridge and Franklin D. Aldridge, Appellants, v. W. C. RUTLEDGE, Jr., Respondent.

(238 S. E. (2d) 165)

*L. S. Dickert* and *Gill & McCrorey,* of Rock Hill, *for Appellants,*

*Hayes, Brunson* and *Gatlin,* of Rock Hill *for Respondent,*

September 22, 1977.

NESS, Justice:

Opinion No. 20481, filed August 4, 1977, is hereby withdrawn and this opinion is filed in lieu thereof.

Respondent, W. C. Rutledge, Jr., purchased appellants' property at a tax sale. Appellants seek to set aside the tax deed on the grounds that the levy and sale were excessive and the statutory requirements of Section 12-49-460 of the South Carolina Code Annotated were not given strict compliance. The special referee and the trial court upheld the tax sale. We reverse as to the improved lot contained in the deed to respondent, and affirm as to the unimproved lot.

The property levied upon and sold consisted of two lots in York County, one lot improved with a residence, the other unimproved. Both lots orginally were owned by appellants Govie and Alice P. Aldridge. In 1963, they conveyed the lots to their son, Franklin D. Aldridge, but the parents continued to occupy the residence on the improved lot.

Appellants first contend that the levy and sale were excessive because one lot "nearly" brought enough to raise the delinquent amount. Section 12-49-460 (1) of the South Carolina Code Annotated authorizes the sheriff to seize "so much of the defaulting taxpayer's estate . . . as may be necessary to raise the sums of money named therein . . ." We find no fixed guidelines as to what constitutes an excessive levy and sale. Even a sale in which the land sold for ten times the amount of the debt has been held not to be excessive in view of the speculative nature of the levying process. *Dickson v. Burckmyer,* 67 S. C. 526, 46 S. E. 343 (1903). The facts here fail to constitute an excessive levy and sale, and we would not set aside the tax deed to respondent on that basis.

We agree with appellants that the statutory requirements governing levy and sale for delinquent taxes were not fulfilled as to the improved lot. The improved lot was advertised, levied upon and sold for taxes owed by Govie Aldridge and the unimproved lot for taxes owed by Franklin D. Aldridge.

Both lots were in fact owned by the latter. In *Osborne et al. v. Vallentine,* 196 S. C. 90, 12 S. E. (2d) 856 (1941),

a tax deed was set aside because levy, advertisement and sale was made in the name of the testatrix rather than in the names of the devisees, the owners at the time. This Court reasoned that the constructive notice to the owner provided by the levy, advertisement and sale in his name is normally deemed to be sufficient notice for due process purposes. However, because such notice is constructive rather than actual, strict compliance therewith is required. The following language from *Dickson, supra,* was quoted approvingly by the Court in *Osborne:*

"* * * The sound view is that all requirements of the law leading up to tax sales which are intended for the protection of the taxpayer against surprise or the sacrifice of his property are to be regarded mandatory, and are to be strictly enforced. * * *" 196 S. C. at 94, 12 S. E. (2d) at 858.

The requirement that property must be levied upon, advertised and sold in the name of the true owner was not complied with in this case with respect to the improved lot.

A tax execution is not issued against the property, ▪ it is issued against the defaulting taxpayer. This Court specifically held in *Vallentine v. Robinson,* 188 S. C. 194, 200, 198 S. E. 197, 200 (1938), "the statute is explicit that lands shall be listed and assessed and levied on and sold in the name of the true owner."

The improved lot was listed under the name of Govie ▪ Aldridge with Franklin D. Aldridge's name following in parentheses in a different type. Although the Tax Collector testified that Franklin D. Aldridge had notice by mail of the levies and pending sale, this cannot circumvent the requirement that the levy, advertisement and sale must be made in the name of the true owner. Without strict compliance with the statutory requirements, a tax sale may not be upheld.

The two parcels were separately levied upon, advertised and sold; however, respondent received a single deed for both parcels. With respect to the unimproved lot, the sale was valid since the levy, execution and sale were made in the name of the true owner and the statutory requirements were otherwise fulfilled. Therefore, that portion of the deed passing title to the unimproved lot to respondent is not disturbed by this Court; only the sale of the improved parcel is set aside.

We reverse that portion of the judgment upholding the tax sale with respect to the improved parcel of land, and affirm as to the unimproved parcel, and remand with directions to the lower court to determine respondent's rights as to the improved lot in conformity with Section 12-49-600, Code of Laws of South Carolina (1976).

Affirmed in Part; Reversed in Part; and Remanded.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.