1115

Martha A. ROSE, Respondent v. W. Calwitt BRADWELL, Delinquent Tax Collector for Berkeley County and Teddy Pruitt, Defendants, of whom Teddy Pruitt is Appellant. Appeal of Teddy PRUITT.

(367 S. E. (2d) 443)

Court of Appeals

*Ray L. Derrick,* of *Funderburk & Derrick,* Columbia, *for appellant.*

*R. Markley Dennis, Jr.,* Moncks Corner, *for respondent.*

Heard Feb. 15, 1988.

Decided March 14, 1988.

SANDERS, Chief Judge:

Respondent Martha A. Rose brought this action against appellant Teddy Pruitt and W. Calwitt Bradwell, as Delinquent Tax Collector for Berkeley County, alleging Mr. Bradwell had improperly sold her property for taxes to Mr. Pruitt and the sale was, therefore, null and void. The Circuit Court granted the motion of Mrs. Rose for summary judgment. Mr. Pruitt appeals. We affirm.

Mr. Pruitt argues two questions on appeal, but the dispositive issue presented is whether "the tax sale advertisement [was] fatally defective, as a matter of law, because of an inaccuracy in the tax map number."

A motion for summary judgment must be granted where there is no genuine issue as to any material fact and the

moving party is entitled to judgment as a matter of law. S. C. R. Civ. P. 56(c).

Our Supreme Court has consistently held the enforcing agencies of government to strict compliance with all legal requirements surrounding tax sales. *Dibble v. Bryant,* 274 S. C. 481, 265 S. E. (2d) 673 (1980) citing *Aldridge v. Rutledge,* 269 S. C. 475, 238 S. E. (2d) 165 (1977); *Osborne v. Vallentine,* 196 S. C. 90, 12 S. E. (2d) 856 (1941); *Dickson v. Burckmyer,* 67 S. C. 526, 46 S. E. 343 (1903).

The statute in effect at the time of the tax sale provided that property may be sold for taxes only after "due advertisement." *See* Section 12-49-460, Code of Laws of South Carolina, 1976, *repealed by* 1985 S. C. Acts 166, § 17 (effective January 1, 1986) (the statute now in effect provides essentially the same requirements, *see* Section 12-51-40(d)). The required advertisement must specify, among other things, "the property to be sold." Section 15-39-660.

The advertisement by the tax collector purported to identify the property to be sold by reference to a tax map number. The property was not otherwise specifically identified. It is undisputed that the tax map number was not the tax map number for the property of Mrs. Rose. Therefore, the tax collector did not strictly comply with the statutory requirement that the advertisement specify the property to be sold.

For these reasons, the order of the Circuit Court is

Affirmed.

GARDNER and BELL, JJ., concur.