1299

Stephen P. DONOHUE, Patricia A. Donohue, Douglas M. de Vlaming, Roberta S. de Vlaming Ketchin, Denis M. de Vlaming, as Trustee for Caroline Eve de Vlaming, a minor over the age of fourteen years, by her Guardian ad Litem Appellants v. William E. WARD, d/b/a William E. Ward & Son, Inc., William M. Benton, Robert M. Grissom, as former Tax Collector and Treasurer for Horry County, South Carolina, Johnny C. Allen, former Deputy Tax Collector and now Treasurer for Horry County, South Carolina, and Fleet Real Estate Funding, Inc., Respondents.

(378 S. E. (2d) 261)

Court of Appeals

*Betty McBride Sloan*, Columbia, *for appellants.*

*E. Windell McCrackin, Robert M. Erwin, Jr.*, and *Phillip Luke Hughes*, Myrtle Beach, and *Joseph F. Singleton* and *Ronald R. Norton*, Conway, *for respondents.*

Heard Jan. 19, 1989.

Decided March 6, 1989.

CURETON, Judge:

This action was brought by appellants to void a Horry County tax sale. Alternatively, the appellants sought a court order permitting them to redeem the property or an award of damages for the value of the property in the event the court refused to set the sale aside or permit redemption of the property. The trial court granted summary judgment in favor of respondents. We reverse and remand.

In July 1973, appellant Stephen P. Donohue, while on active duty with the United States Air Force at Myrtle Beach Air Force Base, entered into a contract of sale to purchase an undeveloped lot of land located in Deerfield Plantation, Myrtle Beach, South Carolina for the sum of $16,200.00.

In June 1974, Donohue assigned a one-half undivided interest in the contract to appellants Douglas M. and Roberta S. de Vlaming, retaining the remaining one-half interest.

In December 1976, the de Vlamings conveyed their one-half interest in the contract to appellant Denis M. de Vlaming, as trustee of an irrevocable trust for their minor daughter, Caroline Eve de Vlaming, who is now sixteen years of age. The indenture and trust instrument, with the name and address of the trustee on each page, was recorded in the Office of the Clerk of Court for Horry County on January 7, 1977.

Upon final payment of the purchase price, Deerfield conveyed the property by general warranty deed to Stephen and Patricia Donohue and Denis M. de Vlaming, as Trustee for Caroline, in July 1978. The deed was recorded with the Clerk of Court for Horry County. This deed listed the address of Stephen Donohue as 6960 AB SQ USAFSS, Kelly AFB, Texas 78243; however, the addresses of the other grantees were not included on the deed.

Prior to 1979, the taxes were paid by Deerfield. The tax notices for the years 1979 through 1982 were mailed to Stephen Donohue at the Kelly Air Force Base address but returned undelivered. At the time of the execution, levy, and sale of the property Stephen Donohue was on active duty in West Germany. No tax notices were sent to Mrs. Donohue or the Trustee. No taxes were paid for the years 1979 through 1982.

On December 13, 1983, Respondent Robert M. Grissom, then Horry County Treasurer and Tax Collector, issued his warrant of execution against the property for unpaid taxes naming only "Stephen Donohue, et. al." Grissom certified in the Tax Execution Notice that he, by his deputy, had entered, levied upon, seized and taken exclusive possession of the property the same day. The deputy testified by deposition that he posted a Notice on the property with the Execution attached.

On December 20, 1983, seven (7) days after the Notice of Execution was sent by registered mail to Stephen Donohue the property was advertised in a local newspaper for a period of fifteen (15) days with the last advertisement being the day of the sale.

The property was sold at public sale on January 3, 1984, to Respondent William M. Benton for the sum of $2,400.00. Grissom executed his deed to Benton which was recorded on January 23, 1985.

On January 16, 1986, Benton conveyed the lot by general warranty deed to Respondent William E. Ward d/b/a William E. Ward & Son, Inc. for $35,000. Ward thereafter mortgaged the property to Respondent Fleet Real Estate Funding Corporation for a construction loan of $96,600.00 and built a house on the property.

The appellants claim the trial court erred in granting respondents' motions for summary judgment because (1) Stephen Donohue was in the military service at the time the property was sold for taxes, thus, he and other appellants are entitled to redeem the property pursuant to the *Soldiers' and Sailors' Civil Relief Act of 1940;* (2) the rights of the minor beneficiary of the trust were not protected in the sale of the property because no guardian ad litem was appointed for her; (3) the court applied the equitable doctrine of clean hands to avoid application of the *Soldiers' and Sailors' Civil Relief Act;* (4) the execution, levy, notice, and sale were not in accordance with the laws of this State; (5) the limitations or tolling provisions of applicable law did not serve to bar the instant action when the minor's rights had not been determined and because the statute of limitations which protects her applies to all other tenants in common; and (6) they were deprived of their property without due process of law when no notice was given to the minor or her trustee of the execution and sale.

The threshold issue is the application of the *Soldiers' and Sailors' Civil Relief Act of 1940,* 50 U. S. C. S. Appx. Sections 501 through 591 (1981) (The Act). The appellants rely on Section 525 of The Act as affording them the right to redeem the property. That section reads in part:

The period of military service shall not be included in computing any period now or hereafter to be limited by

any law ... for the bringing of any action or proceeding in any court ... by or against any person in military service or ... his ... assigns, whether such cause of action or the right or privilege to institute such action or proceeding shall have accrued prior to or during the period of such service, nor shall any part of such period which occurs after the date of enactment of the Soldiers' and Sailors' Civil Relief Act Amendments of 1942 be included in computing any period now or hereafter provided by any law for the redemption of real property sold or forfeited to enforce any obligation, tax, or assessment.

The trial court held that Section 525 must be read in conjunction with Section 560 of The Act. Section 560 provides in pertinent part:

The provisions of this section apply when any taxes or assessments, whether general or special (other than taxes on income), whether falling due prior to or during the period of military service, in respect of personal property, money or credits, or real property owned and occupied for dwelling, professional, business or agricultural purposes by a person in the military service or his dependents at the commencement of his period of military service and still so occupied by his dependents or employees are not paid.

The court concluded that because Donohue acquired the property after he entered active duty he was not entitled to the protection of Section 560. It further concluded that without the protection of Section 560 the tolling provisions of Section 525 were inapplicable. We do not interpret Section 525 to depend upon Section 560 for its viability. While the sections supplement each other, Section 560 permits the sale of certain types of properties for taxes only with leave of court and prescribes a right to redeem if the property is sold. On the other hand, the protection of Section 525 extends to all lands of the serviceman and tolls the time for redemption during the period he is in the military service. *Le Maistre v. Leffers*, 333 U. S. 1, 68 S. Ct. 371, 92 L. Ed. 429 (1948).

Congress' purpose for providing in Section 525 that peri-

ods of military service shall not be included in computing any limitation period for bringing an action by or against a person in the military service is to protect members of the military service who are unable to attend to their legal affairs because they are stationed away from home in active service or recovering from injuries incurred in active service. *Buttler v. City of Los Angeles*, 153 Cal. App. (3d) 520, 200 Cal. Rptr. 372 (1984). Several courts have held that the tolling provision of Section 525 is mandatory, does not involve any element of discretion, and thus is applicable without regard to prejudice to the serviceman. *Ricard v. Birch*, 529 F. (2d) 214 (4th Cir. 1975); *Ray v. Porter*, 464 F. (2d) 452 (6th Cir. 1972); *Wolf v. Commissioner*, 264 F. (2d) 82 (3d Cir., 1959); *Bickford v. United States*, 228 Ct. Cl. 321, 656 F. (2d) 636 (1981); *Newman v. Newman*, 234 Ga. 297, 216 S. E. (2d) 79 (1975); *Kenney v. Churchill Truck Lines, Inc.*, 6 Ill. App. (3d) 983, 286 N. E. (2d) 619 (1972); *Van Heest v. Veech*, 58 N. J. Super. 427, 156 A. (2d) 301 (1959). Additionally, the provisions of Section 525 are to be liberally construed. *Worlow v. Mississippi River Fuel Corp.*, 444 S. W. (2d) 461 (Mo. 1969).

At the outset we recognize there is a split of authority as to whether or not Section 525 applies to career servicemen like Donohue. *King v. Zagorski*, 207 So. (2d) 61 (Fla. Dist. Ct. App. 1968), holds that a former serviceman who purchased land sixteen years after entering military service and who made no claim to ignorance of state laws as to payment of taxes or consequences of nonpayment was under no handicap because of military service and could not predicate his right to redeem on the Soldiers' and Sailors' Civil Relief Act. The case of *Bailey v. Barranca*, 83 N. M. 90, 488 P. (2d) 725 (1971) reaches a similar conclusion. *Pannell v. Continental Can Co., Inc.*, 554 F. (2d) 216 (5th Cir. 1977), endorsed the reasoning of *King* and *Bailey* and held that Colonel Pannell was not protected by Section 525 of The Act because "[t]here is no evidence [he] was in any way handicapped by military service. Any handicap would have to be presumed. His service extended for over thirty-one years and was certainly voluntary in, at least large part, reaching far beyond the years of compulsory military service." *Id.* at 224.

The recent cases of *McCance v. Lindau*, 63 Md. App. 504,

492 A. (2d) 1352 (1985) and *Barstow v. State,* 742 S. W. (2d) 495 (Tex. Ct. App. 1987) discussed in depth *King, Bailey,* and *Pannell* and rejected their reasoning. Because we think the analysis in *McCance* and *Barstow* is correct, we adopt their construction of Section 525 and reject the construction set out in *King, Bailey,* and *Pannell.* We think Congress plainly and unmistakenly stated its intent in Section 525 that the period of military service shall not be included in determining whether or not a statute of limitation has run against a serviceman even though he may be a "career serviceman." Nowhere in the Act can we find an exception for "career servicemen." If such exists, it is by reason of judicial construction. As the court ably stated in *McCance:*

> Nevertheless, Section 525, directed at limitations of actions, contains no qualifying language. That section contains no explicit authority permitting a court to find that the service person's ability to defend or prosecute an action has not been materially affected by reason of military service, and thus, as a result of that finding snatch away the protective cloak of SSCRA. Yet, the *Pannell, King* and *Bailey* courts held that Section 525 was not a barrier to limitations because the service person's ability to defend was not materially affected (citation omitted). As we see it, those courts rewrote Section 525 and judicially engrafted upon the statute a provision that Congress had not provided. We think that judges in the guise of interpreting statutes should not convert the law from what it really is to what the judges think it ought to be (citation omitted).

*McCance,* 63 Md. App. at 510-512, 492 A. (2d) at 1356.

We next turn to the execution, levy, advertisement, and sale of the property. We hold these requisite steps in the tax proceeding, as to each appellant except Donohue, were not done in the name of the owner. The taxing statutes and a legion of cases interpreting these statutes make it clear that property shall be listed, assessed, levied upon, advertised, and sold in the name of the true owner. *Aldridge v. Rutledge,* 269 S. C. 475, 238 S. E. (2d) 165 (1977); *Vallentine v. Robinson,* 188 S. C. 194, 198 S. E. 197 (1938). Because a tax execution is issued against the default-

ing taxpayer, not the property, a sale of land under a tax execution issued on an assessment against one not the owner is void. *Id.; Taylor v. Strauss*, 95 S. C. 295, 78 S. E. 883 (1913); *see also, Taylor v. Jennings*, 233 S. C. 600, 106 S. E. (2d) 391 (1958); *Hiott v. Cochran*, 213 S. C. 207, 48 S. E. (2d) 803 (1948); *Fischer v. Bennett*, 202 S. C. 534, 25 S. E. (2d) 746 (1943).

*Aldridge v. Rutledge* is illustrative of an execution and sale of property not in the name of the owner. In that case, two lots, one improved and the other unimproved, were owned by Franklin D. Aldridge. The improved lot was levied upon, advertised, and sold for taxes in the name of Govie Aldridge. In setting the sale aside, the court stated the lot was listed under the name of Govie Aldridge with Franklin Aldridge's name following in parenthesis in a different type. *Aldridge*, 269 S. C. at 478, 238 S. E. (2d) at 166. Here, the property was not listed, levied upon, advertised, or sold in the name of either Mrs. Donohue or the trustee. On that basis the sale of their interests must be set aside. Moreover, since this defect is jurisdictional, the bar of the statute of limitations does not apply. *Smith v. Cox*, 83 S. C. 1, 65 S. E. 222 (1909); *Dunham v. Davis*, 229 S. C. 29, 91 S. E. (2d) 716 (1956).

The appellants next contend the advertising of the property was not in accordance with the statutes under which the property was sold. We agree. Section 65-2468 of Act No. 169, 1973 *S. C. Acts* 200, under which the property was sold provides:

> Whenever any real estate is levied upon for taxes by the treasurer he shall, before proceeding to advertise such real estate for sale as provided by law, give twenty days notice of such levy to the owner of such property, if known, or to the person in whose name the property was last returned. Such period of twenty days shall begin to run at the time the notice is personally delivered or from the date of mailing when delivered by registered mail as provided for herein.

The respondents concede the twenty day notice was not given prior to advertisement of the property for sale.

The next question presented is whether failure to give the required notice constitutes more than a mere irregularity the effect of which invalidates the tax proceeding and prevents the running of the limitations statute. It is stated "all requirements of the law leading up to tax sales which are intended for the protection of the taxpayer against surprise or the sacrifice of his property are to be regarded mandatory and are to be strictly enforced." *Osborne v. Vallentine*, 196 S. C. 90, 94, 12 S. E. (2d) 856, 858 (1941); *accord, Leysath v. Leysath*, 209 S. C. 342, 40 S. E. (2d) 233 (1946). We think the Legislature in requiring the Treasurer of Horry County to give a twenty day notice prior to advertising the property for sale intended such provision for the protection of the taxpayer against a sacrifice of his property. We therefore hold that failure to give the required notice is a fundamental defect in the tax proceedings which renders the proceedings absolutely void. The respondents argue the tax collector should not have been required to perform the useless act of mailing the notice to Donohue because in any event the notice was returned undelivered.[1] A similar argument was made in the *Aldridge* case. In that case the true owner got actual notice of the levy and sale of his property and it was argued he was not prejudiced by the tax collector's failure to give statutory notice. The Supreme Court responded:

> [T]his [actual notice] cannot circumvent the requirement that the levy, advertisement and sale must be made in the name of the true owner. Without strict compliance with the statutory requirements, a tax sale may not be upheld.

*Aldridge v. Rutledge*, 269 S. C. at 478, 238 S. E. (2d) at 166. In 85 C. J. S. *Taxation* Section 790, at 109 (1954) it is said:

> The giving of a mandatory notice to a tax debtor is not waived by the informal knowledge on [his] part that taxes have not been paid, and the sale is void even if the

---

[1] The record does not reflect the Treasurer made any effort to locate the address for Mrs. Donohue and the trustee and furnish them notice of the sale.

debtor has actual knowledge of it and attempts to waive a failure to give notice.

Similarly, the Court held in *Bailey v. Medlock*, 185 S. C. 115, 193 S. E. 926 (1937), that under the statute requiring written notice to be given to all mortgagees of property to be sold for taxes oral notice to the mortgagee was insufficient and the sale and delivery of the tax deed were nullities.

Appellants next argue the trial judge erred in granting the respondents' motions for summary judgment based on the equitable doctrine of clean hands. A review of the trial judge's order compels us to agree with the respondents that the trial judge did not predicate his grant of summary judgment on a consideration of the doctrine. As we read his order, reference to "clean hands" is a comment on credibility.[2]

The appellants also argue the trial court committed error in failing to find a genuine issue of material fact as to whether the Treasurer and Deputy Tax Collector are entitled to immunity from suit and damages. Of course, this finding was unnecessary since the trial court upheld the tax sale. Moreover, nowhere in the record does it appear the appellants made a motion pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure to amend the judgment to address the issue. *See Talley v. South Carolina Higher Education Tuition Grants Committee*, 289 S. C. 483, 347 S. E. (2d) 99 (1986). They cannot now complain of the trial judge's failure to address the issue. Nevertheless, nothing precludes either party from pursuing a ruling on this issue on remand.

Finally, appellants contend the tax sale is void because the deputy tax collector was not properly appointed and bonded and the property was not legally advertised. They also argue there is a question of fact whether the property was properly posted where the deputy tax collector testified by deposition he posted the property but affidavits and deposition testimony of other wtnesses stated they did not see the

---

[2] We note the trial judge made certain credibility determinations. Such determinations were not appropriate in ruling on the summary judgment motion.

posting. In view of the fact we have held the trial court erred in granting summary judgment on the bases discussed above, we need not now address these contentions. The trial court may, however, consider these arguments on remand.

All other contentions argued by the appellants are without merit and we dispose of them under Section 14-8-250, Code of Laws of South Carolina, 1976, as amended. Accordingly, the order of the trial judge granting summary judgment is reversed and the case remanded for proceedings consistent with this opinion.

Reversed and remanded.

SANDERS, C. J., and GARDNER, J., concur.

