## 2524

Zulfikar Y. MANJI, Appellant v. Jimmy D. BLACKWELL, Joan Blackwell, and Stephen V. Ford, successor to James E. Clayton, Delinquent Tax Collector for Spartanburg County, Respondents.

(473 S.E. (2d) 837)

Court of Appeals

*H.W. Pat Paschal, Jr.*, Greenville, *for appellant.*

*Richard H. Rhodes*, Spartanburg, *for respondents.*

Submitted June 4, 1996.

Decided June 17, 1996; Reh. Den. Aug. 22, 1996.

*Per Curiam:*

The trial court granted respondents summary judgment, declared a tax sale of Jimmy Blackwell's property null and void, and set aside the resulting tax deed to appellant, Zulfikar Manji. We affirm.[1]

Jimmy Blackwell owned 1.93 acres of land in Spartanburg County. After he failed to pay his 1991 property taxes, the Spartanburg County delinquent tax collector sold the property at a tax sale to Zulfikar Manji on October 5, 1992. On August 19, 1993, the delinquent tax collector mailed the final redemption notice to Blackwell by certified mail. Blackwell's wife, Joan, accepted the notice and signed the receipt. Blackwell failed to redeem his property. The delinquent tax collector delivered a tax deed to Manji on October 28, 1993, transferring complete title to the property to Manji. Blackwell,

---

[1] Because oral argument would not aid the court in resolving the issues, we decide this case without oral argument.

however, refused to vacate the property. As a result, Manji brought this eviction action against Blackwell. Respondents moved for summary judgment pursuant to Rule 56, SCRCP. The trial judge granted summary judgment, holding the tax sale and subsequent deed to appellant were invalid because the delinquent tax collector failed to properly notify Blackwell of the end of the redemption period pursuant to S.C. Code Ann. § 12-51-120 (Supp. 1995).

"Summary judgment is appropriate when it is clear that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." *Cafe Associates, Ltd. v. Gerngross*, 305 S.C. 6, 9, 406 S.E. (2d) 162, 164 (1991). "In ruling on a motion for summary judgment, the evidence and the inferences which can be drawn therefrom should be viewed in the light most favorable to the nonmoving party." *Id.*

The South Carolina Supreme Court has "consistently held the enforcing agencies of government to strict compliance with all the legal requirements surrounding tax sales." *Dibble v. Bryant*, 274 S.C. 481, 483, 265 S.E. (2d) 673, 675 (1980). A statutorily based tax sale requires strict adherence to the tax sale requirements. *See Aldridge v. Rutledge*, 269 S.C. 475, 238 S.E. (2d) 165 (1977) (holding that tax sale may not be upheld without strict compliance with statutory requirements; failure to provide notice to true owner is not excused, regardless of actual notice); *see also South Carolina Fed. Sav. Bank v. Atlantic Land Title Co.*, 314 S.C. 292, 442 S.E. (2d) 630 (Ct. App. 1994) ("Statutory requirements protecting against tax sale forfeiture of real property are strictly construed, and statutory notice requirements may not be circumvented simply by establishing actual notice of a tax sale."); *Donohue v. Ward*, 298 S.C. 75, 378 S.E. (2d) 261 (Ct. App. 1989) (failure to give twenty-day notice fatal to sale and delivery of tax deed despite a lack of prejudice to true owner); *Rose v. Bradwell*, 295 S.C. 147, 367 S.E. (2d) 443 (Ct. App. 1988) (holding tax sale void because tax collector, in tax sale advertisement which purported to identify property to be sold, referenced an incorrect tax map number; Court required strict compliance with the statutory requirement that the advertisement specify the property to be sold). Because notice to the landowner as required by the tax sale statutes is con-

structive rather than actual, the court requires strict compliance with these statutes. *Osborne et al. v. Vallentine,* 196 S.C. 90, 12 S.E. (2d) 856 (1941). "'The sound view is that all requirements of the law leading up to tax sales which are intended for the protection of the taxpayer against surprise or the sacrifice of his property are to be regarded mandatory, and are to be strictly enforced.'" *Aldridge,* 269 S.C. at 478, 238 S.E. (2d) at 166 (quoting *Osborne et al. v. Vallentine,* 196 S.C. 90, 12 S.E. (2d) 856 (1941)). *Accord Good v. Kennedy,* 291 S.C. 204, 352 S.E. (2d) 708 (Ct. App. 1987) ("[W]hile statutory provisions which are intended merely for the convenience of taxing officers in the conduct of sales need not be strictly complied with, . . . the law is otherwise as to provisions intended for protection of the taxpayer."). "[W]here a statute requires as a condition precedent to foreclosing a taxpayer's rights in property sold for taxes that he be given notice of his right to redeem, such a requirement is 'generally regarded as jurisdictional, and therefore, the owner's right of redemption cannot be cut off unless the required notice is given.'" *Good,* 291 S.C. at 207, 352 S.E. (2d) at 711 (quoting 72 Am. Jur. (2d) *State and Local Taxation* § 1010 (1974)). Section 12-51-120 clearly requires the tax collector to send a redemption notice "certified mail, return receipt requested—deliver to addressee only." Manji conceded the redemption notice was not sent "delivery to addressee only." Rather, it was sent certified mail only, and Blackwell's wife signed the receipt.[2] The tax collector clearly failed to comply with the notice requirements of § 12-51-120.

Accordingly, the order of the trial judge is

Affirmed.

CURETON, GOOLSBY and ANDERSON, JJ., concur.

---

[2] Joan Blackwell owns no interest in the property.