478 S.E.2d 878

Brian J. RIVES and Karen M. Rives, Respondents,

v.

Daniel B. BULSA, Felix A. Bulsa and Carolina Southern Bank,

of whom Daniel B. Bulsa and Felix A. Bulsa are Appellants,

and Carolina Southern Bank is Respondent.

No. 2591.

Court of Appeals of South Carolina.

Submitted Oct. 8, 1996.

Decided Nov. 25, 1996.

288

Felix A. Bulsa, Inman, pro se.

Michael N. Duncan, of the Whiteside Firm, Spartanburg, for Respondents Rives.

Judson K. Chapin, III, Gaines, Walsh & Chapin, of Spartanburg, for Respondent Carolina Southern Bank.

PER CURIAM:

Respondents, Brian and Karen Rives, brought this action to set aside a tax deed to appellants, Daniel and Felix Bulsa. Respondent Carolina Southern Bank moved to intervene by virtue of its interest in the subject property by way of a mortgage lien. The matter was referred to the master in equity with final appeal to the Supreme Court. The master declared the tax sale null and void for failure of the tax collector to comply with statutory requirements surrounding the tax sale. He further found, notwithstanding the nullification of the tax deed, no notice was given to Carolina Southern Bank and, thus, the purchaser under the tax deed would have taken the property subject to the mortgage lien. The Bulsas appeal. We affirm.[1]

## FACTS

In 1985, title to the subject property located in Spartanburg County was vested in Irene R. Rives as a result of a divorce between Mrs. Rives and William J. Rives, the parents of Brian and Karen Rives. Mrs. Rives died intestate on May 11, 1986, leaving Brian and Karen as her heirs at law. The property is reflected on the real estate inventory list of the Estate of Irene Rice Rives filed in the Spartanburg County Probate Court. Record notice of the vesting of title in the children is reflected in these public records. At the time of her death, Brian was seventeen years of age and Karen was fifteen. Consequently, their father managed the property for them. On December 11, 1989, subsequent to the children attaining the age of majority, Brian and Karen Rives mortgaged the property to secure a loan by Carolina Southern Bank to William Rives. This mortgage was recorded on December 15, 1989 in the Spartanburg County R.M.C. office. The mortgage

1. Because oral argument would not aid the Court in resolving the issues, we decide this case without oral argument.

likewise reflects ownership in Brian and Karen Rives as the result of Irene dying intestate.

From 1986 through 1993 the tax notices for this property were sent to Irene Rives. In 1986 the notice was sent to Irene at a street address in Spartanburg. Thereafter, the notices were sent as follows:

Rives, Irene R.
% William J. Rives
P.O. Box 18081
Spartanburg, S.C. 29318

This post office box was used by William Rives, but never his children.

The taxes were not paid on the property for 1992 and the property was sold at the October 1993 tax sale to Daniel and Felix Bulsa. The county tax collector mailed a notice of delinquent property taxes to Irene R. Rives in care of William J. Rives at the Spartanburg post office box. He also sent a notice of seizure, levy and tax sale, a notice of right of redemption, and a final notice of sale and right of redemption in the same manner. The final notice was returned, marked with a "forwarding order expired" notation. Subsequently, on or about September 1, 1994, a field agent contacted William Rives by phone regarding the tax sale and the right of redemption. During this conversation, William Rives told the field agent that Irene Rives was deceased and the property belonged to his children. The field agent did not report this to the tax collector and no one ever contacted or sent any notices to Brian or Karen Rives about the matter.

The master found that Brian and Karen Rives were the owners of the property at the time in question, that the public records of Spartanburg County reflected the names of the correct owners and mortgage holder and the notices required by S.C.Code Ann. § 12–51–40(a) and (b) were defective inasmuch as they neither contained the names of the owners of record nor their addresses. Because the statutory requirements were not followed, he declared the tax deed null and void. He further held, independent of the ruling setting aside the tax deed, the purchaser under the tax deed would have taken the property subject to the mortgage lien held by Carolina Southern Bank since the bank received no notice.

## ISSUES

1. Whether the master erred in finding the statutory requirements of S.C.Code Ann. § 12–51–40(a) and (b) were not followed.

2. Whether the master erred in concluding that, even had the tax deed not been set aside, the purchaser under the tax deed would have taken the property subject to the mortgage lien.

3. Whether the master erred in accepting noncertified documents and testimony of an attorney based on research by the attorney's paralegal.

4. Whether the master erred in proceeding with the hearing without the presence of counsel representing the Spartanburg County Tax Collector.

## LAW/ANALYSIS

Appellants first contend the master erred in determining the notice requirements of S.C.Code Ann. § 12–51–40(a) and (b) were not met. They assert the testimony shows William Rives was acting as an agent for his children and, therefore, the notices were sent as required by law to the owner of record at the best possible address. We first note this agency argument is apparently raised for the first time on appeal. Although appellants asked some questions geared toward establishing an agency relationship between William and his children, they never argued to the court that notice sent to an agent is sufficient under § 12–51–40(a) and (b). Further, the master did not rule on this argument. *See Mims v. Alston*, 312 S.C. 311, 440 S.E.2d 357 (1994) (an issue neither raised nor ruled upon below will not be considered on appeal); *Noisette v. Ismail*, 304 S.C. 56, 403 S.E.2d 122 (1991) (where a trial court does not explicitly rule on an argument raised, and appellant makes no Rule 59 motion to obtain a ruling, the appellate court may not address the issue); *Hoffman v. Powell*, 298 S.C. 338, 380 S.E.2d 821 (1989) (an appellate court will not consider issues raised for the first time on appeal). Further, even if we were to find the issue properly raised, we would nevertheless hold that the master properly determined

the tax collector failed to comply with the statutory requirements of the tax sale and the deed was therefore null and void.

S.C.Code Ann. § 12–51–40 (Supp.1995) provides in pertinent part:

> After the county treasurer issues his execution against a defaulting taxpayer ... the officer to which the execution is directed shall:
>
> (a) On April first or as soon thereafter as practicable, mail a notice of delinquent property taxes, penalties, assessments, and costs *to the owner of record* at the best address available which is either the address shown on the deed conveying the property to him, the property address, or such other corrected or forwarding address that the owner of record has filed with the appropriate tax authority and to a known grantee of the delinquent taxpayer of the property on which the delinquency exists. The notice must specify that if the taxes, penalties, assessments, and costs are not paid, the property must be advertised and sold to satisfy the delinquency.
>
> (b) If the taxes remain unpaid after thirty days from the date of mailing of the delinquent notice, or as soon thereafter as practicable, take exclusive possession of so much of the defaulting taxpayer's property as is necessary to satisfy the payment of the taxes, assessments, penalties, and costs may be taken. In the case of real property, exclusive possession is taken by mailing a notice of delinquent property taxes, assessments, penalties, and costs *to the defaulting taxpayer* at the address shown on the tax receipt or to a more correct address known to the officer, by "certified mail, return receipt requested—deliver to addressee only"....

(emphasis added).

█ South Carolina appellate courts have consistently held the enforcing agencies of government to strict compliance with all the legal requirements surrounding tax sales. *Dibble v. Bryant,* 274 S.C. 481, 265 S.E.2d 673 (1980); *Manji v. Blackwell,* 473 S.E.2d 837 (Ct.App.1996) (Davis Adv.Sh. No. 16 at 23). The sound view is that all requirements of law leading up to tax sales which are intended for the protection of the tax payer against surprise or the sacrifice of his property are to

be regarded as mandatory and are to be strictly enforced. *Dibble v. Bryant,* supra.

 A tax execution is not issued against the property, it is issued against the defaulting tax payer. *Aldridge v. Rutledge,* 269 S.C. 475, 238 S.E.2d 165 (1977). Due process of law requires some sort of notice to a landowner before he is deprived of his property. *Osborne v. Vallentine,* 196 S.C. 90, 12 S.E.2d 856 (1941). The taxing statutes and a legion of cases interpreting these statutes make it clear that property shall be listed, assessed, levied upon, advertised, and sold·in the name of the true owner. *Donohue v. Ward,* 298 S.C. 75, 378 S.E.2d 261 (Ct.App.1989). Further, the general law is that where a statute requires as a condition precedent to foreclosing a taxpayer's rights in property sold for taxes that he be given notice of his right to redeem, such a requirement is generally regarded as jurisdictional, and therefore, the owner's right of redemption cannot be cut off unless the required notice is given. *Good v. Kennedy,* 291 S.C. 204, 352 S.E.2d 708 (Ct.App.1987). Failure to give the required notice is a fundamental defect in the tax proceedings which renders the proceedings absolutely void. *Donohue v. Ward,* supra.

In both *Osborne* and *Aldridge,* our Supreme Court held that noncompliance by failure to levy and sell the property in the name of the real owner demanded the invalidation of tax deeds. In *Osborne* the court found, where property was assessed, levied and sold in the name of the testatrix instead of the name of the devisees, who at the time of the sale were the true owners, noncompliance with the statutory requirements demanded the tax deed be set aside. In *Aldridge,* parents conveyed one improved and one unimproved lot to their son but continued to occupy the residence on the improved·lot. The improved lot was advertised, levied upon and sold in the name of the father and the unimproved lot in the name of the son. The court found the statutory requirements governing the levy and sale of property for delinquent taxes were not fulfilled as to the improved lot which was in fact owned by the son. The court stated as follows:

> The improved lot was listed under the name of [the father] with [the son's] name in parentheses in different type. Although the Tax Collector testified that [the son] had

notice by mail of the levies and pending sale, this cannot circumvent the requirement that the levy, advertisement and sale must be made in the name of the true owner. Without strict compliance with the statutory requirements, a tax sale may not be upheld.

■ It is clear from the record that no notice of the tax sale was given to Brian and Karen Rives, the true owners of the property. It is also evident that the property was not assessed, advertised, levied upon or sold in their names. Accordingly, we hold the tax collector failed to comply with the strict statutory requirements of a tax sale. The order of the master setting aside the tax deed is therefore affirmed.

■ Appellants next assert the master erred in finding, in the alternative, the appellants would take the tax deed subject to the mortgage lien of the bank. We disagree.

S.C.Code Ann. § 12–49–300 (Supp.1995) requires notice of the impending delivery of a tax deed be given to mortgagees appearing of record within twenty years of the seizure, at least thirty days prior to the date of delivery of the tax deed. Contrary to appellants' assertion, the record shows the mortgage to Carolina Southern Bank was properly recorded in the Spartanburg County R.M.C. office. It is undisputed the bank received no notice of the sale and pending delivery of the tax deed. We therefore find no error in the master's finding.

■ Appellants also assert error in the master's acceptance of noncertified documents and the testimony of an attorney based on research performed by his paralegal. Appellants' entire argument states as follows:

> Records not review by Attorney Zimmerman, Probate microfiche (R. 42 L 3–22) not certified. He relied on information gathered by someone other than himself where as the party who gathered it could have testified.

In reviewing the record on appeal, it appears appellants are objecting to Plaintiff's Exhibit 2, the real estate inventory list of the Estate of Irene Rice Rives. Their argument is based on the admission of noncertified microfiche file evidence. However, the record reflects Plaintiff's Exhibit 2 was not a part of the microfiche file but came from the original file in the Probate Court. Further, appellants cite no law which

requires certification of the document. Finally, appellants raised no objection to the testimony of Attorney Zimmerman. We find this argument to be manifestly without merit.

Finally, appellants contend the master erred in proceeding with the hearing without the presence of counsel for the Spartanburg County Tax Collector. They assert they should not be forced to argue this case without the involvement of the county attorneys. We likewise find no merit to this argument. The Spartanburg County Tax Collector was not a party to this action. No motion was made by appellants to make the Tax Collector a party. Neither did they argue before the master a right to participation of the county attorneys. Accordingly, we find no error.

For the foregoing reasons, the order below is

**AFFIRMED.**

HOWELL, C.J., and HUFF and HOWARD, JJ., concur.