Mable Dobson appeals the order of the master-in-equity setting aside a 
tax sale and denying her claims for damages against the

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Ruth P. Coley, n/k/a, Ruth P. Fulmer,       
Plaintiff,
 
 
 

v.

 
 
 
Barbara K. Hamilton, Tax Collector for the City of Aiken, and Mable Dobson,       
Defendants.
__________________________Regions Bank,       
Plaintiff,
 
 
 

v.

 
 
 
Barbara K. Hamilton, In her capacity as Tax Collector for the City of 
 Aiken, Mable Dobson, Mavis Q. Coley, Jr., Ruth F. Coley n/k/a Ruth P. 
 Fulmer a/k/a Ruth P. Coley,        Defendants,
__________________________Of Whom Ruth P. Coley, n/k/a Ruth P. Fulmer, 
 Barbara K. Hamilton, Tax Collector of the City of Aiken and Regions Bank 
 are the        Respondents,
And Mable Dobson is the       
Appellant.
 
 
 

Appeal From Aiken County
Robert A. Smoak, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2003-UP-402
Submitted April 18, 2003  Filed June 
 17, 2003

AFFIRMED

 
 
 
Mable Dobson, of Aiken, for Appellant.
James M. Holly, Michael L. Hatch, Ralph Emerson Hanna, III, 
 Richard L, Pearce, all of Aiken;  Jean Perrin Derrick, of Lexington and Ray 
 L. Derrick, of Irmo, for Respondent.
 
 
 

PER CURIAM: Mable Dobson appeals the order 
 of the master-in-equity setting aside a tax sale and denying her claims for 
 damages against the owners of the property, Mavis Q. Coley, Jr. and Ruth P. 
 Coley, n/k/a Ruth P. Fulmer (Owners), and the City of Aiken.  We affirm.  
FACTUAL AND PROCEDURAL BACKGROUND
Dobson was the successful bidder at a 
 delinquent tax sale of property that was owned by the Owners.  After she purchased 
 the property, Dobson made numerous repairs and improvements.  She then rented 
 the house to tenants for $500-$550 a month.  After contacting one of the tenants, 
 the Owners informed Dobson that she was renting property owned by them.  
The Owners brought an action to set aside the tax 
 deed, asserting they were not provided with the requisite statutory notice.  
 They also sought an accounting from Dobson for the rents she had collected from 
 the property.  Dobson denied their claims and asserted counterclaims against 
 them for tortious interference with contractual relations, negligence, gross 
 negligence, quantum meruit, and unjust enrichment.  She also asserted a cross-claim 
 against Barbara K. Hamilton as Tax Collector for the City of Aiken seeking indemnification, 
 actual damages, and attorneys fees.  
The action was referred to the master.  
 At the hearing, Hamilton acknowledged that all notices had been sent to the 
 former owner of the property and not to the Owners.  The master held the tax 
 deed unto Dobson was null and void.  The master denied all of Dobsons claims 
 against the owners and her claim against Hamilton.  He subsequently denied Dobsons 
 motion for reconsideration.  This appeal follows.  
DISCUSSION
South Carolina statutes set forth the 
 procedures for the collection of delinquent property taxes and the notice the 
 delinquent tax collector must provide the grantee of the property.  After the 
 county treasurer issues his execution against a defaulting taxpayer, the tax 
 collector must mail a notice of delinquent property taxes to the grantee of 
 record at the best address available.  S.C. Code Ann.§ 12-51-40 (Supp. 2002).  
 If the taxes remain unpaid after thirty days, the tax collector must take exclusive 
 possession of the property by mailing the grantee notice by certified mail, 
 return receipt requested-restricted delivery.  Id.  If the certified 
 mail notice is returned, the tax collector must post a notice on the property.  
 Id.  The property must be advertised for sale at public auction with 
 the advertisement including, among other things, the delinquent taxpayers name.  
 Id.  The defaulting taxpayer has twelve months from the date of the sale 
 to redeem the property.  S.C. Code Ann. § 12-51-90 (Supp. 2002).  The tax collector 
 must mail a notice of redemption to the defaulting taxpayer neither more than 
 forty-five days nor less than twenty days prior to the end of the redemption 
 period.  S.C. Code Ann. § 12-51-120 (Supp. 2002).  
The appellate courts of this state have consistently 
 held the enforcing agencies of government to strict compliance with all the 
 legal requirements surrounding tax sales.  Dibble v. Bryant, 274 S.C. 
 481, 483, 265 S.E.2d, 673, 675 (1980); Rives v. Bulsa, 325 S.C. 287, 
 292, 478 S.E.2d 878, 881 (Ct. App. 1996).  The sound view is that all requirements 
 of the law leading up to tax sales which are intended for the protection of 
 the taxpayer against surprise or the sacrifice of his property are to be regarded 
 mandatory, and are to be strictly enforced.  Dibble, 274 S.C. at 484, 
 265 S.E.2d at 675.  The failure to give required notice is a fundamental defect 
 in the tax proceeding, which renders the proceedings absolutely void.  Donahue 
 v.Ward, 298 S.C. 75, 83, 378 S.E.2d 261, 266 (Ct. App. 1989).  [W]here 
 a statute requires as a condition precedent to foreclosing a taxpayers rights 
 in property sold for taxes that he be given notice of his right to redeem, such 
 a requirement is generally regarded as jurisdictional, and therefore, the owners 
 right of redemption cannot be cut off unless the required notice is given.  
 Good v. Kennedy, 291 S.C. 204, 207, 352 S.E.2d 708, 711 (Ct.App.1987) 
 (quoting 72 Am.Jur.2d State and Local Taxation § 1010 (1974)).  A taxing 
 authoritys failure to give the required notice is not excused regardless of 
 whether the taxpayer received actual notice.  Manji v. Blackwell, 323 
 S.C. 91, 93, 473 S.E.2d 837, 838 (Ct. App. 1996).   
In the present case, the delinquent tax 
 collector failed to provide the Owners, who were the true grantees of record 
 at the time, with the requisite statutory notice.  It is irrelevant that the 
 notice was posted on the property or that Regions Bank, which held a mortgage 
 on the property, had received notice.  Accordingly, we find the master did not 
 err in declaring the tax deed to Dobson null and void.  
Dobsons remaining arguments are conclusory, 
 and therefore deemed abandoned.  See Muir v. C.R. Bard, Inc., 
 336 S.C. 266, 298,519 S.E.2d 583, 600 (Ct. App. 1999) (issue is deemed abandoned 
 on appeal if it is argued in a short, conclusory statement without supporting 
 authority).   
 AFFIRMED.
CURETON, ANDERSON, and HUFF, JJ., concur.