**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Charles Bradford Keiffer, Appellant,

v.

Jasper County Delinquent Tax Office and Carolina Heritage, LLC, Respondents.

Appellate Case No. 2022-001054

———————

Appeal From Jasper County
Bentley Price, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-313
Submitted September 13, 2023 – Filed September 20, 2023

———————

**AFFIRMED**

———————

Darrell T. Johnson, Jr., Mills Lane Morrison, Jr., and Warren Paul Johnson, all of Law Offices of Darrell Thomas Johnson, Jr. LLC, of Hardeeville; and R. Thayer Rivers, Jr., of R. Thayer Rivers, Jr. Law Ofc., of Ridgeland, all for Appellant.

Charles Russ Keep, III, of Keep Law Office of Hilton Head Island, for Respondent Carolina Heritage, LLC.

David L. Tedder, of David L. Tedder, PA, of Beaufort, for Respondent Jasper County Delinquent Tax Office.

**PER CURIAM:** Charles Bradford Keiffer appeals the circuit court's order granting summary judgment to Carolina Heritage, LLC.[1] On appeal, Keiffer argues there was a genuine issue of material fact and the Jasper County Delinquent Tax Office (Delinquent Tax Office) failed to give notice as required by the South Carolina tax sale statutes. We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not err by granting summary judgment in Carolina Heritage, LLC's favor. *See Lanham v. Blue Cross & Blue Shield of S.C., Inc.*, 349 S.C. 356, 361, 563 S.E.2d 331, 333 (2002) ("An appellate court reviews a grant of summary judgment under the same standard applied by the [circuit] court pursuant to Rule 56, SCRCP."); *Kitchen Planners v. Friedman*, Op. 28173 (S.C. Sup. Ct. filed Aug. 23, 2023) (Howard Adv. Sh. No. 33 at 11) (clarifying the proper standard of decision under Rule 56(c), SCRCP, "is the 'genuine issue of material fact' standard set forth in the text of the Rule"); *Osborne v. Adams*, 346 S.C. 4, 7, 550 S.E.2d 319, 321 (2001) ("On appeal from an order granting summary judgment, the appellate court will review all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party below."); Rule 56(e), SCRCP ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."); *Forfeited Land Comm'n of Bamberg County v. Beard*, 424 S.C.137, 145, 817 S.E.2d 801, 804 (Ct. App. 2018) ("[A]ll requirements of the law leading up to tax sales [that] are intended for the protection of the taxpayer against surprise or the sacrifice of his property are to be regarded [as] mandatory and are to be strictly enforced." (alterations in original) (quoting *Donohue v. Ward*, 298 S.C. 75, 83, 378 S.E.2d 261, 265 (Ct. App. 1989))); *Scott v. McAlister*, 436 S.C. 324, 332-33, 871 S.E.2d 620, 625 (Ct. App. 2022) ("Failure to give the required notice [of a tax sale] is a fundamental defect in the tax proceedings which renders the proceedings absolutely void." (*quoting Rives v. Bulsa*, 325 S.C. 287, 293, 478 S.E.2d 878, 881 (Ct. App. 1996))); S.C. Code Ann. § 12-51-40 (2014 & Supp. 2022) (providing the procedural process official must follow after a taxpayer defaults on taxes for real property); § 12-51-40(a) ("The notice [of delinquent property taxes] must be mailed to the best address available, which is either the address shown on the deed conveying the property to him, the property address, or other corrected or forwarding address of which the

---

[1] Carolina Heritage, LLC purchased the real property at issue in a public tax sale.

officer authorized to collect delinquent taxes, penalties, and costs has actual knowledge."); S.C. Code Ann. § 12-51-120 (2014) (providing the notice of approaching end of redemption period "must be mailed to the best address of the owner available to the person officially charged with the collection of delinquent taxes"). Initially, there was no genuine issue of material fact regarding whether the Delinquent Tax Office provided the statutorily required notice to Keiffer to the "best address available." Although Keiffer argued that the South Carolina Department of Revenue (SCDOR) possessed his correct address because it was associated with a tax lien that SCDOR held, we find that insufficient to constitute actual knowledge to the Delinquent Tax Office of a different address for Keiffer. Further, Keiffer acknowledged in his Answer to Carolina Heritage, LLC's interrogatories that the PO Box the Delinquent Tax Office used to provide notice was "not closed—it's just not used." Additionally, although Keiffer argues that Joseph Cody Parker's affidavit—in which, Parker attests that "the mobile home was often posted, but the lot never was"—created a genuine issue of material fact as to whether the notice was properly posted on the premises, the Delinquent Tax Office then produced evidence of a Palmetto Posting, Inc receipt, that indicated notice that the real estate had been seized had been posted on the property. *Baughman v. Am. Tel. & Tel. Co.*, 306 S.C. 101, 115, 410 S.E.2d 537, 545 (1991) ("Once [the] moving party carries its initial burden, [the] opposing party must, under Rule 56(e), 'do more than simply show that there is some metaphysical doubt as to the material facts' but 'must come forward with "specific facts showing that there is a *genuine issue for trial*."'" (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986))); § 12-51-40(c) (providing that if the certified mail notice was returned, the officer to which the execution is directed shall "take exclusive physical possession of the property against which the taxes, assessments, penalties, and costs were assessed by posting a notice at one of more conspicuous places on the premises").

**AFFIRMED.**[2]

**WILLIAMS, C.J., and HEWITT and VERDIN, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.