THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
David G. Leake and Amanda J. Leake, Respondents,
v.
Mitchell Ethridge, Jr., Appellant.
 
 
 

Appeal From Florence County
 B. Hicks Harwell, Jr., Circuit Court Judge

Unpublished Opinion No. 2005-UP-221
Submitted March 1, 2005  Filed March 24, 2005

REVERSED

 
 
 
Kenneth E. Merriman, of Florence, for Appellant.
R. Wayne Byrd, of Florence, for Respondents.
 
 
 

PER CURIAM:  Mitchell Ethridge, Jr. appeals the trial courts order upholding a tax sale of his real property.  We reverse.[1]
FACTS
          Ethridge has owned the real property in question since 1988 and was in sole physical possession of the property until the hearing.  He failed to pay the 1996 property taxes on the real property.  On April 7, 1997, the County mailed a notice of delinquent tax to Ethridge explaining the property could be levied upon and sold at public auction if the taxes remained unpaid beyond August 29, 1997.  On May 15, 1997, the County mailed a notice of levy to Ethridge via certified mail, return receipt requested.  The notice advised that the property would be sold on October 6, 1997 if the taxes were not paid on or before August 29, 1997.  The notice of levy was returned unclaimed on June 12, 1997.  On July 16, 1997, the County posted a notice of levy on a tree on Ethridges property.  
After advertising the sale of the property for three weeks in two local papers, the County sold the property on October 6, 1997 to William E. Tallevast, Jr.  On November 21, 1997, the County mailed Ethridge a notice that the property had been sold.  In this letter, the County stated the last date of redemption for the property was October 6, 1998.  The County mailed Ethridge an official notice of redemption via certified mail, return receipt requested on August 21, 1998.  This notice of redemption listed the last date of redemption as October 6, 1998.  The notice was returned to the County unclaimed.  The Treasurer of the County issued a tax deed on January 11, 1999 to William D. Tallevast, Jr.  Tallevasts estate subsequently issued a deed of distribution to William D. Tallevast, V and Robert Elliott Tallevast, who immediately sold the property to David G. Leake and Amanda J. Leake.  
On July 23, 2002, the Leakes brought a declaratory judgment seeking a declaration they are fee simple owners of the property and requesting an injunction requiring Ethridge to vacate the premises.  In a counterclaim, Ethridge asserted the tax deed was void due to the Countys failure to follow the statutory requirements for a tax sale.  The trial court granted the Leakes motion to amend their reply to assert the statute of limitations.  The court found the County had complied with the applicable statutory requirements, held the statute of limitations barred Ethridges counterclaim, and declared the Leakes to be the owners of the real property.  This appeal followed.
LAW/ANALYSIS
I.       Statute of Limitations
We first consider Ethridges argument that his counterclaim to set aside the tax deed is not barred by the provisions of section 12-51-160 of the South Carolina Code.  We agree.
Section 12-51-160 of the South Carolina Code (2004) provides, No action for the recovery of land sold under the provisions of this chapter or for the recovery of the possession may be maintained unless brought within two years from the date of sale.  The supreme court found the former version of this statute of limitations[2] inapplicable to one in possession of property asserting a claim of ownership in defense of an action brought by the purchaser at a tax sale more than two years after receiving the tax deed.  Dibble v. Bryant, 274 S.C. 481, 487, 265 S.E.2d 673, 677 (1980).  The court found the statute was intended to bar a defaulting and ousted taxpayer from maintaining an action to defeat the title of the tax sale purchaser and recover the land if brought more than two years from the date the purchaser came into possession.  Id.  The court explained:

[t]o deny the possessor a claim of rightful ownership would be to deny him any defense, and would enable a purchaser at a tax sale to circumvent the valid legal remedies available to the defendant in possession of the property by merely waiting more than two years to bring his action to oust the defendant.

Id. at 487-88, 265 S.E.2d at 677.
Here, Ethridge remained in possession of the land.  As in Dibble, Ethridges efforts to defend the Leakes action seeking to confirm title in themselves should not be thwarted by the statute of limitations.  Accordingly, we find the trial court erred in finding the statute of limitations barred Ethridges defense.  
II.              
Redemption Notice 
Ethridge argues the County failed to issue the notice of redemption in compliance with the statutory requirements and the noncompliance requires the tax sale to be set aside.  We agree.
The appellate courts of this state have consistently held the enforcing agencies of government to strict compliance with all the legal requirements surrounding tax sales.  Dibble v. Bryant, 274 S.C. 481, 483-84, 265 S.E.2d 673, 676 (1980); Rives v. Bulsa, 325 S.C. 287, 292, 478 S.E.2d 878, 880 (Ct. App. 1996) (citations omitted).  The sound view is that all requirements of law leading up to tax sales which are intended for the protection of the tax payer against surprise or the sacrifice of his property are to be regarded as mandatory and are to be strictly enforced.  Rives, 325 S.C. at 292-93, 478 S.E.2d at 881.  The failure to give proper notice is a fundamental defect in the tax proceedings which renders the proceedings absolutely void.  Donahue v. Ward, 298 S.C. 75, 83, 378 S.E.2d 261, 265 (Ct. App. 1989).
A defaulting taxpayer may redeem the real property within twelve months from the date of the delinquent tax sale.  S.C. Code Ann §12-51-90 (Supp. 2004).  The statutory requirements mandate that the defaulting taxpayer be given notice of the approaching end of the redemption period, providing the delinquent tax collector shall make the notice by certified mail, return receipt requested [n]either more than forty-five days nor less than twenty days before the end of the redemption period.  S.C. Code Ann. § 12-51-120 (Supp. 2004).
The County held the tax sale for Ethridges property on October 6, 1997.  The trial court accepted the Countys argument at the hearing that the last day of redemption was actually October 5, 1998.  However, the notice of sale sent November 21, 1997 and the notice of redemption sent August 21, 1998 both stated that October 6, 1998 was the last day for redemption.  Therefore, we find the County is bound by the date it placed on its notices, rather than the date argued by its attorney at the hearing.  With October 6, 1998 as the last day of redemption, the earliest the County could have mailed the notice and remained in compliance with the statutory requirements was August 22, 1998.  However, the notice was mailed on August 21, 1998.  Thus, the notice was sent one day early.  
The County asserts the fact that the notice was sent one day early did not prejudice Etheridge because he never received the notice and never attempted to redeem the property.  Although Ethridge did not seek to redeem the property, the County is not excused from the strict compliance mandated by the laws of tax sales.  See Donahue, 298 S.C. at 83, 378 S.E.2d at 266 (finding without merit the argument that the defaulting taxpayer was not prejudiced by the tax collectors failure to give statutory notice).  As the County failed to strictly comply with the statutory notice requirements intended to protect the taxpayer against a sacrifice of his property, the tax sale must be set aside.  Therefore, we hold the trial court erred in not setting aside the defective tax sale.
Because we reverse the decision of the trial court based on the failed notice of redemption and find that Ethridge was not barred by the statute of limitations, we do not need to address the other issues Ethridge raises on appeal.
 REVERSED.
GOOLSBY, HUFF, and STILWELL, JJ., concur.  

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] The former version of the statute of limitations provided: [n]o action for . . . recovery . . . shall be maintained unless brought within two years from the date of such [tax] sale.  Dibble, 274 S.C. at 487, 265 S.E.2d at 677 (quoting S.C. Code Ann. § 12-49-570 (1976)).