**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Edgar Mora Romero and Upstate House Projects, LLC, Appellants,

v.

Nathan T. Rosemond, Respondent.

Appellate Case No. 2024-000032

-----

Appeal From Spartanburg County
Shannon Metz Phillips, Master-in-Equity

-----

Unpublished Opinion No. 2025-UP-221
Submitted June 18, 2025 – Filed July 2, 2025

-----

**AFFIRMED**

-----

Richard H. Rhodes and William Hardwick Rhodes, both of Burts Turner & Rhodes, of Spartanburg, for Appellants.

Rustin Bryce Duncan, of King Law Offices PC, of Greer, for Respondent.

-----

**PER CURIAM:** Edgar Mora Romero and Upstate House Projects, LLC (collectively, Appellants) appeal the master-in-equity's order setting aside the tax sale of the subject property as well as its subsequent transfer to Appellants. On

appeal, Appellants argue (1) the master erred in holding Nathan T. Rosemond was the rightful owner of the subject property and (2) Appellants are bona fide purchasers for value. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the master did not err in holding Rosemond was the owner of the subject property, setting aside the tax sale, and voiding the subsequent transfer to Appellants. *See King v. James*, 388 S.C. 16, 24, 694 S.E.2d 35, 39 (Ct. App. 2010) ("An action to set aside a tax sale lies in equity."); *id.* ("Our scope of review for a case heard by a [m]aster permits us to determine facts in accordance with our own view of the preponderance of the evidence."). Although Rosemond did not own the properties when taxes first became delinquent, he was a grantee of record and thus, must be afforded strict compliance with statutory notice requirements. *See* S.C. Code Ann. § 12-51-40(a) (2014) (stating notices must be sent to "the defaulting taxpayer *and* to a grantee of record of the property" (emphasis added)); S.C. Code Ann. § 12-51-120 (2014) (stating the tax collector is required to mail a redemption notice to "the defaulting taxpayer and to a grantee, mortgagee, or lessee of the property of record in the appropriate public records of the county"); *Rives v. Bulsa*, 325 S.C. 287, 292, 478 S.E.2d 878, 880 (Ct. App. 1996) ("South Carolina appellate courts have consistently held the enforcing agencies of government to strict compliance with all the legal requirements surrounding tax sales."); *Forfeited Land Comm'n of Bamberg Cnty. v. Beard*, 424 S.C. 137, 148, 817 S.E.2d 801, 806 (Ct. App. 2018) ("[T]he failure to provide the required statutory notice is [a] type of jurisdictional defect . . . that renders the tax sale void and the statute of limitations inapplicable.").

2. We hold Appellants' argument that Romero is a bona fide purchaser for value is unpreserved for review because it was neither raised to nor ruled on by the master. *See Elam v. S.C. Dep't of Transp.,* 361 S.C. 9, 23, 602 S.E.2d 772, 779-80 (2004) ("Issues and arguments are preserved for appellate review only when they are raised to and ruled on by the lower court.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.