335 S.C. 392 (1999)
517 S.E.2d 692
In re RYAN INVESTMENT CO., INC., Debtor.
Charles P. Summerall, IV, Trustee for Ryan Investment Co., Inc., Plaintiff/Appellee,
v.
Richland County, a political subdivision of the State of South Carolina, and Jeremiah Davis, Defendants,
Of whom Jeremiah Davis is Defendant/Appellant.
No. 24960.
Supreme Court of South Carolina.
Heard April 6, 1999.
Decided June 28, 1999.
*393 Reid B. Smith, of Columbia, for defendant/appellant.
Julius H. Hines, of Buist, Moore, Smythe & McGee, P.A., of Charleston, for plaintiff/appellee.
*394 MOORE, Justice:
Ryan Investment Co. (Debtor Corporation) owned real property in Richland County that was sold at a tax sale for failure to pay 1992 taxes. The successful bidder assigned its bid to defendant/appellant Davis (Buyer). Debtor Corporation subsequently filed for relief in Bankruptcy Court. Plaintiff/appellee (Trustee) moved to set aside the tax sale on the ground the Richland County Treasurer had failed to comply with statutory mailing requirements for the notice of redemption. The Bankruptcy Court invalidated the tax sale and Buyer appealed to the District Court. This case is now before us on certification to answer the following questions:
1. Do the postal regulations excuse compliance with the restricted delivery requirements of § 12-51-120 of the South Carolina Code of Laws, where the owner of record is a corporation?
2. If the above question is answered in the affirmative, must there be compliance with the restricted delivery requirements where the owner of record is a corporation but where a natural person has been designated as the recipient of tax notices for the corporation?

DISCUSSION
At the time the redemption notice was mailed in this case, S.C.Code Ann. § 12-51-120 provided that such notice must be sent to the owner of record by "certified mail, return receipt requested-deliver to addressee only."[1] The Richland County Treasurer mailed the redemption notice by certified mail, but did not restrict delivery to the addressee. The notice was addressed:
 Ryan Investment Co., Inc.
 c/o H.H. Bresky
 200 Boyleston Street, # 325
 Chestnut Hill, MA 02167
Buyer contends postal regulations do not allow restricted delivery when the addressee is a corporation. He cites United States Postal Services Domestic Mail Manual, § S916.1.1, which provides: "Restricted delivery service permits a mailer to deliver only to the addressee or addressee's authorized *395 agent. The addressee must be an individual (or natural person) specified by name."[2] Accordingly, Buyer argues non-compliance with the restricted delivery requirement of § 12-51-120 should be excused as a matter of law. We disagree.
Tax sales must be conducted in strict compliance with statutory requirements. Dibble v. Bryant, 274 S.C. 481, 265 S.E.2d 673 (1980). Even actual notice is insufficient to uphold a tax sale absent strict compliance with statutory requirements. South Carolina Fed. Sav. Bank v. Atlantic Land Title Co., 314 S.C. 292, 442 S.E.2d 630 (Ct.App.1994) (citing Aldridge v. Rutledge, 269 S.C. 475, 238 S.E.2d 165 (1977)). The failure to mail a redemption notice by restricted delivery mail is ground to invalidate a tax sale. Manji v. Blackwell, 323 S.C. 91, 473 S.E.2d 837 (Ct.App.1996).
In light of this strict compliance rule, we find postal regulations in and of themselves cannot excuse the failure to comply with statutory mailing requirements. We hold attempted compliance with statutory mailing requirements is required before non-compliance can be excused. The party seeking to excuse non-compliance must demonstrate facts indicating attempted compliance before the Court will consider the adequacy of the mailing actually accomplished. Cf. Hawkins v. Greenwood Dev. Corp., 328 S.C. 585, 493 S.E.2d 875 (Ct.App.1997) (party asserting impossibility of performance as defense to contract has burden of showing that the thing to be done cannot by any means be accomplished).
Here, there are no facts showing an attempt to have the Post Office deliver the redemption notice by restricted delivery to Debtor Corporation and therefore non-compliance with § 12-51-120 is not excused. In light of this conclusion, we decline to address the second certified question. Since no attempted compliance has been shown, we need not consider what alternative mailing would otherwise be adequate.
CERTIFIED QUESTION ANSWERED.
FINNEY, C.J., TOAL, WALLER, and BURNETT, JJ., concur.
NOTES
[1] This section was amended in 1996 to substitute the phrase "restricted delivery" for "deliver to addressee only." The meaning is the same.
[2] The certified facts in this case, however, indicate two instances where the Post Office apparently delivered notices by restricted delivery to corporations.