584 S.E.2d 113

**Gary JOHNSON, Petitioner,**

**v.**

**Mohammad B. ARBABI and Akram Arbabi, Defendants and Third-Party Plaintiffs,**

**of Whom Mohammad B. Arbabi is, Respondent,**

**v.**

**Beaufort County Treasurer's Office and Joy Logan, Treasurer, Third-Party Defendants.**

No. 25680.

Supreme Court of South Carolina.

Heard June 11, 2003.

Decided July 21, 2003.

Robert L. Widener, of McNair Law Firm, P.A., of Columbia, for Petitioner.

Michael S. Seekings, of Mullen, Wylie & Seekings, LLC, of Charleston, for Respondent.

Assistant County Attorney Jeffrey D. Wile, of Greenville, Stephen P. Hughes and Mary Bass Lohr, both of Howell, Gibson & Hughes, P.A., of Beaufort, for Amicus Curiae Beaufort County Treasurer's Office and the Greenville County Tax Collector's Office.

Justice WALLER:

In this action to quiet title on a tax deed, we granted the petition for a writ of certiorari to review the Court of Appeals' opinion in *Johnson v. Arbabi*, 347 S.C. 132, 553 S.E.2d 453 (Ct.App.2001). We reverse.

## FACTS

In January 1981, respondent Mohammad B. Arbabi ("Dr. Arbabi") and his wife, Akram Arbabi ("Mrs. Arbabi"), entered into a "Land Contract and Agreement for Deed" with the Island Club Investment Company ("ICIC") to purchase a condominium on Hilton Head Island. The Arbabis live in Michigan and were buying the property as an investment. The sale price was $90,000, and ICIC financed the transaction. Title to the property was to remain in ICIC's name until the Arbabis paid their debt. The parties agreed not to record the contract in Beaufort County's public records; therefore, ICIC remained the owner of record.

In 1989 or 1990, the Arbabis decided to pay off the balance on the condominium. On April 22, 1991, Dr. Arbabi's Michigan attorney wrote the Beaufort County Assessor's office to request copies of the property tax bills for 1988, 1989, and 1990. The attorney additionally asked the Assessor's office to send all future tax bills directly to Dr. Arbabi at 3739 White Trillium Drive East in Saginaw, Michigan ("White Trillium address").

On September 3, 1991, the Arbabis recorded their deed in the names of "Mohammad B. Arbabi and Akram Arbabi" with

the White Trillium address listed for the Arbabis. ICIC, however, had not paid the property taxes for 1990, and the County had seized the property on July 2, 1991. During September 1991, the County Treasurer advertised the tax sale with ICIC as the owner of record.[1] The tax sale took place in October 1991, and petitioner Gary Johnson bought the condominium for $7,000.

In a letter dated September 1, 1992, which was addressed **jointly** to "Mohammad B. & Akram Arabi" [sic], the County Treasurer informed the Arbabis that the property had been sold at a tax sale and could be redeemed by paying $2,329.40 by October 7, 1992. This redemption notice was sent to the White Trillium address.

Mrs. Arbabi apparently signed for and received this notice. However, Dr. and Mrs. Arbabi were experiencing marital problems, and **in April 1991,** Dr. Arbabi had moved out of the White Trillium home. Their divorce proceedings occurred between August and November 1992, and at some point during these proceedings (but **after** the redemption period had expired), Mrs. Arbabi disclosed the redemption notice to Dr. Arbabi.

In November 1992, the County Treasurer issued Petitioner a tax deed. The deed stated that the tax collector had, via "certified mail, return receipt requested, deliver to addressee only," mailed "a Notice addressed to Mohammad B. and Akrem Arabi," [sic] as the owner of record, informing them of the right to redeem.

In January 1993, petitioner commenced the instant action to quiet title. Dr. Arbabi filed an answer and brought a third-party complaint against the Beaufort County Treasurer's Office and the County Treasurer, individually.[2] Mrs. Arbabi never answered the complaint.

The trial court granted summary judgment to Dr. Arbabi and the tax deed was declared invalid. Upon petitioner's motion to alter or amend the judgment, the court modified its

---

1. It appears that although the Arbabis had become the official owners when the deed was recorded on September 3, 1991, the County did not have this information at the time it advertised the tax sale.

2. The third-party action eventually was dismissed.

order, declared Mrs. Arbabi to be in default, and granted petitioner relief—but only as to Mrs. Arbabi's undivided half-interest. Dr. Arbabi appealed, and in an unpublished opinion, *Johnson v. Arbabi*, Op. No. 96–UP–008 (S.C. Ct.App. filed January 8, 1996), the Court of Appeals reversed and remanded.

On remand, the case was assigned to a Master–in–Equity and a full hearing was held. Dr. Arbabi testified that after he left the marital home, he did not return to get his mail. He stated Mrs. Arbabi "would bring it to me or she would give it to my attorney."

The Master found the County Treasurer complied with the statutory requirements in S.C.Code Ann. § 12–51–120 when it sent only one redemption notice to the White Trillium address. The Master decided Mrs. Arbabi acted as Dr. Arbabi's agent in receiving the notice because Dr. Arbabi did not stop Mrs. Arbabi from receiving his mail and never notified the County of a change of address. Thus, the Master concluded that petitioner held a valid title to the condominium.

In a 2–1 decision, the Court of Appeals reversed. The majority held: (1) Mrs. Arbabi was not Dr. Arbabi's authorized agent when she received the redemption notice; (2) section 12–51–120 requires that **each co-tenant** be sent a separate notice of the right to redeem, and therefore the single, joint notice sent in this case did not comply with the statute; and (3) the entire tax sale should be invalidated. Judge Stilwell dissented, finding that where multiple owners provide only one address for notice purposes, separate notices need not be sent.

## ISSUES

1. Does section 12–51–120 require separate redemption notices for joint owners at the same address?
2. Did the Court of Appeals err in finding Mrs. Arbabi was not Dr. Arbabi's agent for purposes of accepting the redemption notice?

## DISCUSSION

Initially, we note this is an action in equity. *See Bryan v. Freeman*, 253 S.C. 50, 52, 168 S.E.2d 793, 793 (1969)

("An action to remove a cloud on and quiet title to land is one in equity"). Therefore, we are free to find the facts according to our own view of the preponderance of the evidence. *Townes Assocs. v. City of Greenville,* 266 S.C. 81, 221 S.E.2d 773 (1976).

### 1. Notice under section 12–51–120

■ Petitioner argues the Court of Appeals erred in finding that section 12–51–120 requires separate redemption notices be sent to joint owners of a property even when they reside at the same address. We agree.

S.C.Code Ann. § 12–51–120 (Supp.1991) provides that a notice be sent to the property owner informing the owner that the end of the redemption period is approaching. Specifically, the section requires that notice should be sent by "certified mail, return receipt requested—deliver to addressee only," [3] and that the notice be mailed to "the best address of the owner available." Section 12–51–120 also states "the return of the certified mail 'undelivered' is not grounds for a tax title to be withheld or be found defective and ordered set aside or canceled of record."

Because notice under the tax sales is constructive rather than actual, this Court has consistently held that tax sales must be conducted in strict compliance with statutory requirements. *See In re Ryan Inv. Co.,* 335 S.C. 392, 395, 517 S.E.2d 692, 693 (1999); *Dibble v. Bryant,* 274 S.C. 481, 483, 265 S.E.2d 673, 675 (1980); *Aldridge v. Rutledge,* 269 S.C. 475, 478, 238 S.E.2d 165, 166 (1977). For example, the failure to mail a redemption notice by restricted delivery mail is grounds to invalidate a tax sale. *See Manji v. Blackwell,* 323 S.C. 91, 473 S.E.2d 837 (Ct.App.1996). Even **actual** notice is insufficient to uphold a tax sale where strict compliance with statutory requirements is absent. *See Aldridge v. Rutledge, supra.*

---

3. This statute has been amended twice since the tax sale at issue in this case. The statute now requires the notice be mailed by "certified mail, return receipt requested-**restricted delivery.**" (Emphasis added). "Restricted delivery" is the equivalent of "deliver to addressee only." *See In re Ryan Inv. Co.,* 335 S.C. 392, 394 n. 1, 517 S.E.2d 692, 693 n. 1 (1999).

In the instant case, the Court of Appeals found the County Treasurer failed to provide Dr. Arbabi notice under the statute because each co-tenant is equally entitled to **separate** notice. *Johnson v. Arbabi, supra.* Judge Stilwell dissented on this issue stating the following: "It makes little sense to me that where multiple owners provide only one address for notice purposes each one must be sent a separate notice but all to the same address." *Johnson v. Arbabi,* 347 S.C. at 147, 553 S.E.2d at 461 (Stilwell, J., dissenting).

Given the particular circumstances of this case, we agree with Judge Stillwell. Here, the co-tenants were spouses **with the same address** (the White Trillium address in Michigan), and this address certainly was "the best address" available. Indeed, this was the **only** address ever given to County officials. It was the address the Arbabis put on the deed and which also was specified by the letter sent from Dr. Arbabi's Michigan attorney in April 1991. Moreover, we note there is no question that the Treasurer utilized the correct method of mailing: certified mail, return receipt requested—deliver to addressee only. Thus, we find there was strict compliance with the constructive notice provisions in section 12–51–120.

Accordingly, we hold that under the facts of this case, separate redemption notices were not required in order to satisfy section 12–51–120.

### 2. Mrs. Arbabi as Agent for Dr. Arbabi

Petitioner also argues the Court of Appeals erred in reversing the Master's ruling that Mrs. Arbabi acted as Dr. Arbabi's implied agent in receiving the redemption notice. We agree.

Whether an agency relationship exists is a question of fact to be determined by the relation, the situation, the conduct, and the declarations of the party sought to be charged as principal. *American Fed. Bank, FSB v. Number One Main Joint Venture,* 321 S.C. 169, 467 S.E.2d 439 (1996); *Hinson v. Roof,* 128 S.C. 470, 122 S.E. 488 (1924). In *Barber v. Carolina Auto Sales,* 236 S.C. 594, 115 S.E.2d 291 (1960), this Court stated the following:

It is well settled that the wife is not the agent of her husband by virtue of the marital relationship between

them.... He may, however, make her his agent and be bound by her acts as such. 'The agency relationship in such case ordinarily rests upon the same considerations as any other agency; she is his agent, and he is bound by her acts as his agent, only when her agency is express, implied, or ostensible.'

236 S.C. at 597, 115 S.E.2d at 293 (emphasis added, citations omitted); *see also Hinson, supra* (the marriage relation of the parties is not necessarily enough to establish the fact that the one is the agent of the other; there must be other proof of agency); 41 C.J.S. Husband & Wife § 56 (1991) ("A spouse may constitute the other spouse as an agent either expressly or impliedly; **but, if agency is implied, it must be by conduct, and not merely from a party's position as a spouse.**") (emphasis added, footnotes omitted).

The Court of Appeals[4] found an implied agency cannot satisfy the requirements relating to the receipt of a redemption notice. Furthermore, looking at the postal regulations, the Court of Appeals held Mrs. Arbabi was not Dr. Arbabi's agent when she received the notice because Dr. Arbabi had not **expressly** authorized her as his agent. *Johnson v. Arbabi,* 347 S.C. at 139–40, 553 S.E.2d at 457.[5]

■ We find the Court of Appeals erred in ruling there cannot be implied agency in this situation. The rule regarding agency between spouses is that while a spouse is not automatically an agent for the other spouse, an implied agency can arise by conduct of the parties. *See Barber, supra; Hinson, supra.*[6] Accordingly, the issue is whether Mrs. Arbabi was Dr. Arbabi's implied agent.

---

4. We note that Judge Stilwell agreed with the majority opinion's analysis and result on the agency issue, and therefore there was no dissent on this issue.

5. Citing United States Postal Services Domestic Mail Manual § S916.3.1 ("Mail marked 'Restricted Delivery' is delivered only to the addressee or to the person authorized in writing as the addressee's agent to receive the mail....").

6. The Court of Appeals' focus on the postal regulations requiring express, written authorization from the addressee to the agent is misplaced. *Cf. In re Ryan Inv. Co.,* 335 S.C. at 395, 517 S.E.2d at 693 (where the Court held that "postal regulations in and of themselves

We agree with the Master's view of the evidence in this case that the factual circumstances establish the agency relationship. By Dr. Arbabi's own testimony, and his actions, Mrs. Arbabi was his implied agent. Dr. Arbabi left the marital home in April 1991. Yet, on April 22, 1991, his attorney wrote the County a letter requesting the Assessor's office to send all future tax bills directly to Dr. Arbabi at the White Trillium address. Moreover, Dr. Arbabi stated he never returned to the marital home and Mrs. Arbabi delivered the mail either to him or his attorney. This arrangement apparently went on from April 1991 through, at least, November 1992—over a year and a half. Certainly, Dr. Arbabi knew he was going to receive mail related to the Hilton Head property during that time period. Yet, there is **no evidence** in the record that Dr. Arbabi at any time filed a change of address form with the post office or wrote the County with another, more appropriate, address for him. Under this evidence, we find that Dr. Arbabi, by his actions, appointed Mrs. Arbabi his agent for receiving any and all mail that was directed to the White Trillium address.

While it is unfortunate that Mrs. Arbabi's failure to act on the redemption notice and failure to disclose it to Dr. Arbabi in a timely fashion resulted in their loss of the property, equity nonetheless favors petitioner in this action since any "fault" is on the part of the Arbabis. *See Ingram v. Kasey's Assocs.,* 340 S.C. 98, 107, 531 S.E.2d 287, 291 (2000) ("He who seeks equity must do equity.") (quoting *Norton v. Matthews,* 249 S.C. 71, 152 S.E.2d 680 (1967)).

Accordingly, we reverse the Court of Appeals' holding that implied agency cannot satisfy the requirements for the receipt of a redemption notice, and instead find that by his conduct, Dr. Arbabi made Mrs. Arbabi his implied agent.

## CONCLUSION

We hold that section 12–51–120 does not require separate redemption notices to joint owners **residing at the same**

---

cannot excuse the failure to comply with statutory mailing requirements"). Just as postal regulations cannot excuse the failure to comply with the statute, *see id.,* these regulations should not be the basis for changing the well-settled rules on agency between spouses. *See, e.g., Barber, supra* (question of agency between spouses rests upon the same considerations as any other agency).

address. We further hold that Mrs. Arbabi was Dr. Arbabi's implied agent for purposes of receiving the joint redemption notice. Therefore, we agree with the Master's conclusion that petitioner's tax deed is valid. The Court of Appeals' opinion is

**REVERSED.**

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur.