KONDUROS, J.:
**502 In this action to quiet title to a property sold at a tax sale, Mary Ravenel appeals the trial court's finding the tax sale of **503 her property valid. Ravenel contends (1) the trial court erred in failing to take testimony; (2) the tax sale was void because the property was not levied, advertised, and sold in the name of the true owner; (3) judicial estoppel does not apply because Ravenel was not a party to the previous action; and (4) the delinquent tax collector did not comply with statutory requirements in sending notice to Ravenel. We affirm as modified.
FACTS/PROCEDURAL HISTORY
The subject real property is a home and land originally purchased by Ravenel on October 22, 2001. While Ravenel purchased five lots in total, only the lot on which she built her home was sold at the tax sale and is the subject of this appeal. Ravenel conveyed all five lots to her daughter and son, Lashanda Ravenel and Henry Lee Ravenel II, (collectively, Children) via a deed dated November 6, 2007, for the stated consideration of "$5, love and affection." On November 7, 2007, Ravenel filed for bankruptcy and did not indicate the recent conveyance on her sworn schedules.
Ravenel recorded the deed but never delivered the deed to Children, nor told them about the conveyance. Subsequently, the property taxes on the home became delinquent for the year 2007. The Charleston County Delinquent Tax Collector (DTC) first sent an execution notice to Children by regular mail, dated April 7, 2008, at the address given on the deed conveying the property to Children. This notice informed Children if the amount due was not paid, an official notice of levy would be mailed to them, the property would be advertised in the Charleston Post & Courier, a sign would be placed on the property announcing it would be sold due to nonpayment of taxes, and finally, the property would be sold.
When the 2007 taxes remained unpaid, the DTC levied upon the property by way of a levy notice sent by certified mail to Children's address dated May 22, 2008. This notice was returned unclaimed to the DTC on May 24, marked "Return to Sender, Unable to Forward." A sign was placed on the property on August 1, 2008, announcing the property was to be sold due to the nonpayment of taxes. The property was advertised in the local newspaper on August 15, 22, and 29, 2008. The DTC then sent the Final Notice of Property Redemption, also by certified mail, one to each of Children and one to them **504 jointly, all of which were returned marked "Return to Sender/Unable to Forward" on October 26, 2009. The DTC then sent a courtesy copy of this notice by regular mail. After receiving the courtesy redemption letter, which was addressed to Children, Ravenel called the DTC to try and redeem the property. DTC informed Ravenel that in order to save the property, she would have to pay the redemption amount of $27,849.06, which she did not pay.
When the taxes remained unpaid, the property was sold at the tax sale on November 3, 2008, to Equifunding. Notices of redemption were sent to Children but were returned to the DTC unclaimed. These notices were addressed to Children at the address given in the deed conveying the property to them. This address was the same post office box shown as the address on the deed conveying the property to Ravenel. This post office box belonged to Ravenel's mother, who would collect the mail and bring it to her daughter. Because the property was not redeemed, a tax deed was delivered to Equifunding. Equifunding thereby conveyed the subject real property to Equivest Financial, LLC in a deed recorded on October 4, 2010.
In 2010, Children brought an action to quiet title to set aside the tax deed. In her testimony, Ravenel provided the reason for *441 the transfer of the property to Children was to protect the assets from her creditors. The Master-in-Equity found the tax sale was valid and Ravenel had not delivered the deed to Children. The master found Ravenel's conveyance to Children was in violation of the Statute of Elizabeth, as she intended to defraud her creditors, and thus found the deed to the children was void and of no effect. Children appealed to this court, which affirmed the decision of the master on the grounds that Ravenel had not delivered the deed to Children. Equivest Fin., LLC v. Scarborough , 2013 WL 8541673, Op. No. 2013-UP-495 (S.C. Ct. App. filed Dec. 23, 2013).
Thereafter, Equivest commenced the present action to quiet title as to Ravenel because she was not a party to the first action. The trial court held Ravenel was judicially estopped from claiming she did not receive notice of the tax sale, as she was the one who attempted to fraudulently convey the property. The court further held the two-year statute of limitations **505 applied, making the tax sale incontestable. This appeal followed.
STANDARD OF REVIEW
"An action to remove a cloud on and quiet title to land is one in equity." Johnson v. Arbabi , 355 S.C. 64, 69, 584 S.E.2d 113, 115 (2003) (quoting Bryan v. Freeman , 253 S.C. 50, 52, 168 S.E.2d 793 (1969) ). "In an action at equity, tried by a judge alone, an appellate court may find facts in accordance with its own view of the preponderance of the evidence." Inlet Harbour v. S.C. Dep't of Parks, Rec. & Tourism , 377 S.C. 86, 91, 659 S.E.2d 151, 154 (2008).
LAW/ANALYSIS
I. Testimony
Ravenel maintains the trial court erred by failing to take testimony. She contends genuine issues of material fact needed to be addressed. Specifically, Ravenel contends the issue of fact regarding whether the DTC sent her the required notices under section 12-51-40 of the South Carolina Code (2014) should have been addressed and because it was not, her argument on the issue was never fully heard. Furthermore, Ravenel argues the trial court erred in finding she intended to defraud her creditors without testimony to support its finding. We find this issue unpreserved for our review.
In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial court. Issues not raised and ruled upon in the trial court will not be considered on appeal. S.C. Dep't of Transp. v. First Carolina Corp. of S.C. , 372 S.C. 295, 301-02, 641 S.E.2d 903, 907 (2007) ; Linda Mc Co. v. Shore , 375 S.C. 432, 438, 653 S.E.2d 279, 282 (Ct. App. 2007). A party cannot complain of error his own conduct has induced. Erickson v. Jones St. Publishers, LLC , 368 S.C. 444, 476, 629 S.E.2d 653, 670 (2006). When an appellant expressly waives an argument at trial, it cannot be raised on appeal. Richland Cty. v. Carolina Chloride, Inc. , 382 S.C. 634, 656, 677 S.E.2d 892, 903 (Ct. App. 2009). Additionally, "[a]n issue is deemed abandoned and will not be considered on appeal if the argument is raised in a brief but not supported by authority." Bryson v. Bryson , 378 S.C. 502, 510, 662 S.E.2d 611, 615 (Ct. App. 2008). "[S]hort, conclusory **506 statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review." Glasscock, Inc. v. U.S. Fid. & Guar. Co. , 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001). When a party provides no legal authority regarding a particular argument, the argument is abandoned and the court will not address the merits of the issue. State v. Lindsey , 394 S.C. 354, 363, 714 S.E.2d 554, 558 (Ct. App. 2011).
At trial, the following exchange took place:
The Court: [Ravenel's Attorney], if there's anything that you need to add to protect your record, you let me know and I will be glad to do that. Because I really think the record in this case-I don't think we need to have testimony and put you all through that.
[Ravenel's Attorney]: Right, because we've agreed on the joint exhibits, so the exhibits are the exhibits. They say what they say.
The Court: All the exhibits are admitted and are now part of the record fully, as is your memorandum.
*442 The trial court gave Ravenel's attorney the opportunity to augment the record and counsel chose not to do so. Therefore, this issue is not preserved for appellate review. Furthermore, because Ravenel raised the argument in her brief without providing any supporting authority, we also deem the argument abandoned.
II. Judicial Estoppel/Res Judicata
Ravenel contends she was not a party to the previous action and therefore, she cannot be bound by the action. She further argues if the court finds she was a party to the previous action, judicial estoppel still does not apply as the issue of true ownership of the property was not actually litigated in the previous case. We agree in part and disagree in part.
"Judicial estoppel is an equitable concept that prevents a litigant from asserting a position inconsistent with, or in conflict with, one the litigant has previously asserted in the same or related proceeding." Auto-Owners Ins. Co. v. Rhodes , 405 S.C. 584, 597, 748 S.E.2d 781, 788 (2013) (quoting **507 Cothran v. Brown , 357 S.C. 210, 215, 592 S.E.2d 629, 631 (2004) ).
For the doctrine of judicial estoppel to apply, the following elements must be satisfied: (1) two inconsistent positions taken by the same party or parties in privity with one another; (2) the positions must be taken in the same or related proceedings involving the same party or parties in privity with each other; (3) the party taking the position must have been successful in maintaining that position and have received some benefit; (4) the inconsistency must be part of an intentional effort to mislead the court; and (5) the two positions must be totally inconsistent.
Id . at 598, 748 S.E.2d at 788.
On the other hand, "[r]es judicata precludes parties from subsequently relitigating issues actually litigated and those that might have been litigated in a prior action." Duckett v. Goforth , 374 S.C. 446, 464, 649 S.E.2d 72, 81 (Ct. App. 2007). "Res judicata is the branch of the law that defines the effect a valid judgment may have on subsequent litigation between the same parties and their privies." Id . at 464, 649 S.E.2d at 81-82 (quoting Nelson v. QHG of S.C. Inc. , 354 S.C. 290, 304, 580 S.E.2d 171, 178 (Ct. App. 2003) ). In order for res judicata to apply, the parties-or their privies-and subject matter must be identical, and the prior suit adjudicated the issue. 7 S.C. Jur. Estoppel and Waiver § 27 (1991). "For purpose of res judicata, however, the concept of privity rests not on the relationship between the parties asserting it, but rather on each party's relationship to the subject matter of the litigation." Yelsen Land Co. v. State , 397 S.C. 15, 22, 723 S.E.2d 592, 596 (2012). "The term 'privy,' when applied to a judgment or decree, means one so identified in interest with another that he represents the same legal right." Roberts v. Recovery Bureau, Inc. , 316 S.C. 492, 496, 450 S.E.2d 616, 619 (Ct. App. 1994). "One in privity is one whose legal interests were litigated in the former proceeding." Id ."Privies are those who are so connected with the parties in estate, or in blood, or in law, as to be identified with them in interest...." Bailey v. U.S. Fid. & Guar. Co. , 185 S.C. 169, 193 S.E. 638, 641 (1937).
"Under the present rules, a respondent-the 'winner' in the lower court-may raise on appeal any additional reasons **508 the appellate court should affirm the lower court's ruling, regardless of whether those reasons have been presented to or ruled on by the lower court." I'On, L.L.C. v. Town of Mt. Pleasant , 338 S.C. 406, 419, 526 S.E.2d 716, 723 (2000). "The basis for [a] respondent's additional sustaining ground[ ] must appear in the record on appeal...." Id . at 420, 526 S.E.2d at 723. "The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal." Rule 220(c), SCACR.
We find the trial court erred in ruling Ravenel was judicially estopped from claiming a position inconsistent with the one she took in the previous action. The third element for judicial estoppel requires a party to have been successful in arguing an issue in the previous action in order to preclude him or her from asserting the opposite in the present action. In this case, the issue in question-whether Ravenel was the true *443 owner of the property-was ruled on by the trial court in favor of Equifax, not Ravenel. Therefore, judicial estoppel does not apply.
Although not raised at trial, we affirm on the theory of res judicata, which was raised by Equifax as an additional sustaining ground in its appellate brief. For res judicata to apply, a three-part test must be met. The first element requires the same identity of the parties or their privies. In this case, Ravenel's absence as a named party from the previous tax sale lawsuit should not insulate her due to her interests and Children's interests in the previous action being identical. Ravenel is in privity with Children due to their intertwining interests in the property, and the master ruled in the previous action that "[Ravenel] is the real individual in interest with regard to the subject real property." The master also found in that case "[i]t is [Ravenel] who will benefit if the tax deed is set aside, not [Children], who are simply straw owners." Thus, the first element is met. The second element requires the subject matter be identical. In the previous case, the master conclusively decided the issue of whether the tax sale was valid. In the present action, Ravenel again questions the validity of the tax sale. Therefore, the second element is met as the subject matter in the present case is identical to that in the first. The third element, which requires a final, **509 valid judgment on the merits, is also satisfied. The master heard the first case in full, ruled, and this court affirmed on appeal. Because all three elements are met, we find res judicata applies to Ravenel's arguments regarding the validity of the tax sale.
Ravenel raises three other arguments, contending (1) the trial court erred in failing to find the tax sale was void for failure of the DTC to levy, advertise, and sell the property in her name as the true owner of the property; (2) the trial court erred when it failed to find the DTC did not comply with statutory notice requirements when Ravenel, as the defaulting taxpayer, was not provided with notices of the delinquent taxes or notice of the tax sale; and (3) the trial court erred in applying the two-year statute of limitations because she was not given notice as to the sale and this lack of notice makes the tax deed void on its face so as to make the statute of limitations not apply. Because these all could have been raised in the prior action, res judicata bars these claims. Accordingly, we affirm the trial court's decision as modified.
CONCLUSION
Based on the foregoing, the trial court is
AFFIRMED AS MODIFIED.
SHORT and GEATHERS, JJ., concur.