**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Taranika Webb, Appellant,

v.

Fairview Gardens, Respondent.

Appellate Case No. 2019-000754

———————

Appeal From Anderson County
J. Cordell Maddox, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-086
Submitted January 1, 2022 – Filed March 2, 2022

———————

**AFFIRMED**

———————

Taranika Webb, of Anderson, pro se.

George A. Reeves, III and Phillips Lancaster McWilliams, both of Fisher & Phillips, LLP, of Columbia, for Respondent.

———————

**PER CURIAM:** Taranika Webb appeals the trial court's Rule 12(b)(6), SCRCP, dismissal of her breach of contract, negligence, and invasion of privacy claims

against Fairview Gardens.  On appeal, Webb argues the trial court erred in dismissing her appeal.[1]  We affirm.

1.  We find Webb's arguments concerning trial court bias, breach of contract, and negligence were abandoned because the arguments in Webb's brief were conclusory statements that lacked legal authority.  *See Equivest Fin., LLC v. Ravenel*, 422 S.C. 499, 506, 812 S.E.2d 438, 441 (Ct. App. 2018) ("When a party provides no legal authority regarding a particular argument, the argument is abandoned and the court will not address the merits of the issue."); *Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ("[S]hort, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review.").

2.  Although Webb argues the trial court "granted keys" to her, we find this issue was not preserved because the trial court's order does not mention keys and Webb failed to file a Rule 59(e), SCRCP, motion.  *See Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 24, 602 S.E.2d 772, 780 (2004) ("A party *must* file [a Rule 59(e)] motion when an issue or argument has been raised, but not ruled on, in order to preserve it for appellate review.").

3.  We find the trial court did not err in dismissing Webb's invasion of privacy claim because her complaint failed to state facts sufficient to constitute a cause of action.  *See* Rule 12(b)(6), SCRCP; *Doe v. Marion*, 373 S.C. 390, 395, 645 S.E.2d 245, 247 (2007) (stating when an appellate court reviews a motion to dismiss it applies the same standard of review as the trial court); *Carolina Park Assocs., LLC v. Marino*, 400 S.C. 1, 6, 732 S.E.2d 876, 878 (2012) ("A ruling dismissing a complaint for failure to state facts sufficient to constitute a cause of action must be based solely on allegations set forth in the complaint."); *Snakenberg v. Hartford Cas. Ins. Co.*, 299 S.C. 164, 170-72, 383 S.E.2d 2, 5-6 (Ct. App. 1989) (outlining the three types of invasion of privacy actions in South Carolina and their respective elements).

**AFFIRMED.**[2]

---

[1] Specifically, Webb argues (1) the trial court was biased, and therefore, did not fairly consider the merits of the case; (2) Fairview committed a breach of contract; (3) she was entitled to keys and a monthly payment from Fairview; (4) Fairview acted negligently; and (5) Fairview invaded her privacy.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

**KONDUROS, HILL, and HEWITT, JJ., concur.**