**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

William Bronson, Appellant,

v.

Cray, Inc. and York County, Respondents.

Appellate Case No. 2022-000548

———————

Appeal From York County
Daniel Dewitt Hall, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-237
Submitted June 5, 2023 – Filed June 14, 2023

———————

**AFFIRMED**

———————

Daniel Dominic D'Agostino, of D'Agostino Law Firm, of York, for Appellant.

Daniel Joseph Ballou, of Morton & Gettys, LLC, of Rock Hill, for Respondent Cray, Inc.

Laura Dover, of York, for Respondent York County.

———————

**PER CURIAM:** William Bronson appeals the dismissal of his complaint pursuant to Rule 12(b)(6), SCRCP, against Cray, Inc. and York County (collectively, Respondents). On appeal, Bronson argues the circuit court erred by (1) dismissing

his case pursuant to Rule 12(b)(6), and (2) determining York County complied with the law. We affirm.

Cray, Inc. failed to timely pay its 2018 property taxes to York County. As a result, York County commenced collection procedures, which resulted in a tax sale of the property to Bronson on November 4, 2019. On September 21, 2020, York County, pursuant to section 12-51-120 of the South Carolina Code (2014) mailed to Cray, Inc. notice of the end of the twelve-month redemption period, which was set to end on November 4, 2020. Subsequently, the legislature enacted Act 174 of 2020, which took effect on September 30, 2020. Section 3 of Act 174 extended the redemption period for real property sold at a delinquent tax sale in 2019 that had not yet been redeemed by an additional twelve months, which invalidated Cray, Inc.'s November 4, 2020 end redemption date. When our supreme court found Act 174 of 2020 unconstitutional on June 30, 2021,[1] it nullified the additional redemption period provided by Section 3. York County was therefore statutorily required to mail notice regarding the end of the redemption period before it could issue a tax title to Bronson. However, Cray, Inc. redeemed the property before York County mailed the notice. Viewing the complaint in the light most favorable to Bronson, we hold the circuit court did not err by finding Bronson failed to state facts sufficient to constitute a cause of action because York County could not have issued the tax title to Bronson without first mailing notice of the end of the redemption period to Cray, Inc. *See Rydde v. Morris*, 381 S.C. 643, 646, 675 S.E.2d 431, 433 (2009) ("On appeal from the dismissal of a case pursuant to Rule 12(b)(6), [SCRCP,] an appellate court applies the same standard of review as the trial court."); *Doe v. Marion*, 373 S.C. 390, 395, 645 S.E.2d 245, 247 (2007) (stating that dismissal under Rule 12(b)(6) is proper if the facts alleged and inferences reasonably deducible therefrom, when viewed in the light most favorable to the plaintiff, would not entitle the plaintiff to relief on any theory); *King v. James*, 388 S.C. 16, 25, 694 S.E.2d 35, 39 (Ct. App. 2010) ("Tax sales must be conducted in strict compliance with statutory requirements." (quoting *In Re Ryan Investment Co.*, 335 S.C. 392, 395, 517 S.E.2d 692, 693 (1999))); *In re Ryan Inv. Co., Inc.*, 335 S.C. at 395, 517 S.E.2d at 693 ("Even actual notice is insufficient to uphold a tax sale absent strict compliance with statutory requirements."); *King*, 388 S.C. at 25, 694 S.E.2d at 39-40 ("[A]ll requirements of the law leading up to tax sales which are intended for the protection of the taxpayer against surprise or the sacrifice of his property are to be regarded [as] mandatory and are to be strictly enforced." (quoting *Donohue v. Ward*, 298 S.C. 75, 83, 378 S.E.2d 261, 265 (Ct. App. 1989))); *Good v. Kennedy*, 291 S.C. 204, 207, 352

---

[1] *See Mercury Funding, LLC v. Chesney*, 433 S.C. 591, 861 S.E.2d 35 (2021).

S.E.2d 708, 711 (Ct. App. 1987) ("[T]he general law is that where a statute requires as a condition precedent to foreclosing a taxpayer's rights in property sold for taxes that he be given notice of his right to redeem, such a requirement is 'generally regarded as jurisdictional, and therefore, the owner's right of redemption cannot be cut off unless the required notice is given.'" (quoting 72 Am.Jur.2d State and Local Taxation Section 1010 (1974))); *White v. J.M. Brown Amusement Co.*, 360 S.C. 366, 373, 601 S.E.2d 342, 346 (2004) ("Life goes on while judicial or legislative processes run their course. In the meantime, parties must arrange and conduct their business affairs under the law as it presently exists, regardless of a belief or hope the law will later be changed or invalidated."); § 12-51-120 ("Neither more than forty-five days nor less than twenty days before the end of the redemption period for real estate sold for taxes, the person officially charged with the collection of delinquent taxes shall mail a notice . . . to the defaulting taxpayer . . . ."); S.C. Code Ann. § 12-51-130 (2014) ("Upon failure of the defaulting taxpayer . . . to redeem realty within the time period allowed for redemption, the person officially charged with the collection of delinquent taxes, within thirty days or as soon after that as possible, shall make a tax title to the purchaser or the purchaser's assignee.").

**AFFIRMED.**[2]

**KONDUROS and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.