**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kathy Kennedy, Appellant,

v.

Bernard Myatt, III and Myatt Air Conditioning, LLC, Respondents.

Appellate Case No. 2024-000210

———

Appeal From Charleston County
Robert J. Bonds, Circuit Court Judge

———

Unpublished Opinion No. 2026-UP-117
Submitted February 3, 2026 – Filed March 11, 2026

———

**AFFIRMED**

———

Kathy Kennedy, of James Island, pro se.

Francis Marion Ervin, II, of Rogers Townsend, LLC, of Charleston, for Respondents.

———

**PER CURIAM:** Kathy Kennedy appeals the circuit court's order affirming the magistrate court's grant of summary judgment in favor of Myatt Air Conditioning, LLC (MAC). On appeal, Kennedy argues the magistrate court (1) incorrectly found gross negligence was not applicable to the statute of limitations, despite the fact MAC was found guilty of more than one building code violation; (2)

incorrectly found Kennedy knew or should have known earlier that she had a cause of action for a hidden defect that caused the damage to her home; and (3) failed to consider equitable tolling in light of delays caused by the COVID-19 pandemic.[1] We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not err in affirming the magistrate court's grant of summary judgment in favor of MAC. *See USAA Prop. & Cas. Ins. Co. v. Clegg*, 377 S.C. 643, 653, 661 S.E.2d 791, 796 (2008) (noting that an appellate court reviews the granting of a motion for summary judgment, under "the same standard that governs the [circuit] court under Rule 56(c) [of the South Carolina Rules of Civil Procedure]."); *Singleton v. Sherer*, 377 S.C. 185, 197, 659 S.E.2d 196, 202 (Ct. App. 2008) ("On appeal from an order granting summary judgment, the appellate court will review all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party."); Rule 56(c), SCRCP (stating that summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *Kitchen Planners, LLC v. Friedman*, 440 S.C. 456, 463, 892 S.E.2d 297, 301 (2023) ("[T]he 'mere scintilla' standard does not apply under Rule 56(c)."); *id.* ("Rather, the proper standard is the 'genuine issue of material fact' standard set forth in the text of the Rule."); *Brooks v. Northwood Little League, Inc.*, 327 S.C. 400, 403, 489 S.E.2d 647, 648 (Ct. App. 1997) ("[W]hen the evidence is susceptible of only one reasonable interpretation, summary judgment may be granted."); *McMaster v. Dewitt*, 411 S.C. 138, 143, 767 S.E.2d 451, 453 (Ct. App. 2014) ("Summary judgment is appropriate when a plaintiff does not commence an action within the applicable statute of limitations."). First, allegations of gross negligence do not toll a statute of limitations, and the applicable statute of limitations for negligence or breach of contract actions is three years. *See* S.C. Code Ann. §§ 15-3-530(1), (5) (2005) (providing a three-year statute of limitations for "action[s] upon a contract" and injury to the rights of another, "not arising on contract" respectively); *Wedgewood Condo. Ass'n v. Centex Homes*, 447 S.C. 54, 71, 923 S.E.2d 288, 296 (Ct. App. 2025) (explaining the statute of limitations for construction defects claim

---

[1] In her reply brief, Kennedy raised an additional issue—whether the magistrate erred in dismissing Bernard Myatt, III, as a party to the lawsuit. However, because this issue was raised for the first time in her reply brief, we hold Kennedy waived any right to challenge it. *See ABB, Inc. v. Integrated Recycling Grp. of SC, LLC*, 432 S.C. 545, 553, 854 S.E.2d 171, 175 (Ct. App. 2021) (holding an issue was waived when the appellant raised it for the first time in its reply brief).

regarding a nine-building condominium was three years and fell under sections 15-3-530(1) and (5)), *reh'g denied* (Dec. 2, 2025).  Second, Kennedy knew or should have known by January 19, 2020, when she filed a complaint with the South Carolina Department of Labor, Licensing, and Regulation (SCDLLR) that she had a cause of action for negligence or breach of contract; thus, the three-year statute of limitations for her negligence and breach of contract actions had run at the time Kennedy filed her complaint on January, 19, 2020 with SCDLLR.  *See Wedgewood Condo. Ass'n*, 447 S.C. at 71, 923 S.E.2d at 296 ("For construction defect claims, the statute of limitations begins to run from the date of discovery . . . [or] 'the date the injured . . . should have known by the exercise of reasonable diligence that a cause of action arises from wrongful conduct.'") (quoting *McAlhany v. Carter*, 415 S.C. 54, 63, 781 S.E.2d 105, 110 (Ct. App. 2015)); *Maher*, 331 S.C. at 377, 500 S.E.2d at 207 ("A cause of action should have been discovered through exercise of reasonable diligence when the facts and circumstances would have put a person of common knowledge and experience on notice that some right had been invaded or a claim against another party might exist."); *Wedgewood Condo. Ass'n*, 447 S.C. at 71, 923 S.E.2d at 297 ("[T]he fact that the injured party may not comprehend the full extent of the damage is immaterial.") (quoting *McAlhany*, 415 S.C. at 63, 781 S.E.2d at 110).

Additionally, we hold Kennedy's argument on equitable tolling was not preserved for appellate review because the issue was not raised to and ruled upon by the circuit court.  *See Equivest Fin., LLC v. Ravenel*, 422 S.C. 499, 505, 812 S.E.2d 438, 441 (Ct. App. 2018) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the [circuit] court."); *id.* ("Issues not raised and ruled upon in the [circuit] court will not be considered on appeal.").

**AFFIRMED.**[2]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.