**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Chris Klein, Appellant,

v.

Kay Family Investments, Respondent.

Appellate Case No. 2023-000852

---

Appeal From Spartanburg County
Shannon Metz Phillips, Special Circuit Court Judge

---

Unpublished Opinion No. 2026-UP-115
Submitted February 3, 2026 – Filed March 11, 2026

---

**AFFIRMED**

---

Chris Klein, of Spartanburg, pro se.

Tatyana Stepanovna Ustimchuk, of Hub City Law, LLC, of Spartanburg, for Respondent.

---

**PER CURIAM:** Chris Klein appeals the circuit court's order affirming the magistrate court's judgment in favor of Kay Family Investments (Kay) and issuance of a writ of ejectment. On appeal, Klein argues the circuit court erred by (1) allowing Kay to proceed in a new ejectment action against him when there were outstanding motions and a settlement in the first ejectment action; (2) finding Klein had stated an intent to dismiss the current case; and (3) ruling that the parties

had a month-to-month lease, when Respondent had violated every agreement between the parties—rendering all agreements null and void—which in turn caused Klein to make partial payments and breach the lease agreement. We affirm pursuant to Rule 220(b), SCACR.

1. First, to the extent that Klein argues there are outstanding motions from the initial ejectment action which precludes Kay from bringing the second ejectment action to address them, we hold that this issue is not preserved for appellate review because it was not raised to and ruled upon by the circuit court. *See Equivest Fin., LLC v. Ravenel*, 422 S.C. 499, 505, 812 S.E.2d 438, 441 (Ct. App. 2018) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the [circuit] court."); *id.* ("Issues not raised and ruled upon in the [circuit] court will not be considered on appeal."). Second, we hold the circuit court did not err in affirming the magistrate court's order as Klein testified he was a month-to-month tenant and received thirty-day written notice to vacate Kay's property. *See Vacation Time of Hilton Head Island, Inc. v. Kiwi Corp.*, 280 S.C. 232, 233, 312 S.E.2d 20, 21 (Ct. App. 1984) (concluding that after an ejectment from the magistrate's court and appeal to the circuit court, the appellate court "is without jurisdiction to reverse the findings of fact of the [c]ircuit [c]ourt if there is any supporting evidence"); *Bowers v. Thomas*, 373 S.C. 240, 245, 644 S.E.2d 751, 753 (Ct. App. 2007) ("[The appellate court] still retains de novo review of whether the facts show the circuit court's affirmance was controlled or affected by errors of law."); S.C. Code Ann. § 27-40-770(b) (2007) ("The landlord or the tenant may terminate a month-to-month tenancy by a written notice given to the other at least thirty days before the termination date specified in the notice."); S.C. Code Ann. § 27-40-770(c) (2007) ("If the tenant remains in possession without the landlord's consent after expiration of the term of the rental agreement or its termination, the landlord may bring an action for possession."); *Koon v. Fares*, 379 S.C. 150, 156, 666 S.E.2d 230, 234 (2008) (finding that ejectment was justified when the landlord repeatedly notified the tenants of their intent to end the month-to-month tenancy and sent written notice of the tenant's requirement to vacate).

2. As to Klein's argument that the circuit court erred by stating he "did not want to dismiss" the case in its Form 4 order, we hold this issue is not preserved for appellate review because Klein did not file a motion to reconsider pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure, which would have been the proper procedure to let the circuit court know it had misstated what Klein had said. *See Equivest Fin., LLC*, 422 S.C. at 505, 812 S.E.2d at 441 ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the [circuit] court."); *id.* ("Issues not raised and ruled upon in the [circuit] court

will not be considered on appeal."); *Doe v. Doe*, 324 S.C. 492, 502, 478 S.E.2d 854, 859 (Ct. App. 1996) ("[T]he proper procedure for correcting factual errors in an order is to file a Motion to Alter or Amend pursuant to Rule 59(e), SCRCP.").

3.  We hold Klein's arguments that the circuit court erred in finding that Kay did not commit unfair trade practices and the South Carolina Residential Landlord and Tenant Act[1] should be not amended are not preserved for appellate review as they were not raised to and ruled upon by the circuit court.  *See Equivest Fin., LLC*, 422 S.C. at 505, 812 S.E.2d at 441 ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the [circuit] court."); *id.* ("Issues not raised and ruled upon in the [circuit] court will not be considered on appeal.").  Further, to the extent Klein argues he was a not a month-to-month tenant because he and Kay were not under a binding agreement, this argument was not made during the circuit court hearing and Klein did not file a motion to reconsider pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure, thus, we hold this issue was not preserved for appellate review.  *See Smith v. NCCI, Inc.*, 369 S.C. 236, 247-48, 631 S.E.2d 268, 274 (Ct. App. 2006) ("When a [circuit] court does not explicitly rule on an argument raised, and the appellant makes no Rule 59(e) SCRCP, motion to obtain a ruling, the appellate court may not address the issue."); *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 24, 602 S.E.2d 772, 780 (2004) ("A party *must* file [a Rule 59(e)] motion when an issue or argument has been raised, but not ruled on, in order to preserve it for appellate review.").

**AFFIRMED.**[2]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[1] S.C. Code Ann. §§ 27-40-10 to -940 (2007 & Supp. 2024).
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.